# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## MAY TERM, 1879.

---

[No. 6549.]

THE STEIN CANAL COMPANY, THE GOOSE LAKE
CANAL COMPANY, AND EIGHT OTHER IRRI-
GATING COMPANIES, TOGETHER WITH EIGHTEEN
INDIVIDUAL PLAINTIFFS, *v.* THE KERN ISLAND
IRRIGATING CANAL COMPANY.

APPROPRIATION OF WATER.—The appropriation of water by the defendant
corporation prior to August, 1874, was of the waters of Old South Fork, and
not of Kern River.

WATER RIGHTS IN KERN RIVER.—The right of the defendant corporation to
divert the waters of Kern River, based upon its appropriation in August,
1874, is subordinate to that of the several corporations which are joined as
plaintiffs—except the Goose Lake Canal Company—to divert the several
amounts by them respectively appropriated prior to August, 1874.

APPEAL from the District Court of the Sixteenth Judicial
District, Kern County.

Injunction. In March, 1879, the Stein Canal Company and
twenty-seven other parties—nine of whom were canal companies
—commenced this suit, alleging substantially that the canal
companies were respectively the owners of certain canals, and
also of certain water rights in and to the waters flowing in

Kern River; that Myers and the other natural persons who were joined as plaintiffs had contracts with the canal companies, and rights under such contracts to the use of the water diverted by them; that defendants were unlawfully and without right diverting and taking above the heads of said canals so much water from Kern River that in its then condition all the canals were wholly deprived of water, except the Stein, the Anderson, the Buena Vista, and James Canal Companies, and that even these only had from one-half to one-twentieth of the amount to which they were entitled and of which they respectively had possession, until deprived of it by the unlawful diversion of defendants. It was further alleged that more than twenty thousand acres of growing and unmatured crops, and pasturage for over nine hundred head of cattle, were dependent upon such water, and without it would be dried up and destroyed.

The Kern Island Irrigating Canal Company appeared and answered, denying the equities of the complaint, partly upon information and belief, and moved upon the answer and affidavits to dissolve the injunction. The plaintiff filed counter-affidavits, and upon the hearing the Court denied the motion and continued the injunction. The defendant appealed.

*Delos Lake, A. A. Cohen,* and *R. E. Houghton,* for Appellant.

*Garber & Thornton, D. S. Terry, Greathouse & Blanding, V. A. Gregg, P. T. Colby,* and *Louis T. Haggin,* for Respondent.

By the COURT:

The stream of water known in this case as the " Old South Fork " issues from Kern River, and from the point where the waters are diverted the stream flows as a direct stream. The waters appropriated by the defendant—the Kern Island Irrigating Canal Company—prior to August, 1874, are to be regarded as the waters of the " Old South Fork," and not the waters of Kern River. In August, 1874, the defendant appropriated a portion of the waters of Kern River, and conducted

the same by means of a canal to the Old South Fork, from which it was taken out lower down the stream, and so continued to do up to about the spring of 1878, when the waters were conveyed through the canals of the defendant, without uniting the same with the Old South Fork. All the water companies which are joined as plaintiffs, except the Goose Lake Canal Company, appropriated portions of the waters of Kern River prior to the appropriation by the defendant in August, 1874, and, so far as is shown by the record, their right to the portions of the water by them respectively appropriated is superior to that of the defendant. The right of the defendant, based upon its appropriation, is subordinate to that of the several plaintiffs, who had made prior appropriations, and the defendant is not entitled to divert the waters of the river to such an extent that a sufficient amount thereof will not flow down the river to supply the plaintiffs above mentioned the amounts of water by them respectively appropriated before the appropriation by the defendant, in August, 1874.

The plaintiffs, other than those last above mentioned, have not made out a case entitling them to an injunction, nor have any of the plaintiffs shown that they are entitled to an injunction, except as against the Kern Island Irrigating Canal Company.

The order made on the 1st day of April, 1879, is reversed and cause remanded, with directions to the District Court to modify the preliminary order for an injunction made and filed by the District Court on the 17th day of March, 1879, so that it shall thereby be ordered and adjudged that the defendant, the Kern Island Irrigating Canal Company, and its officers, agents, attorneys, servants, and employees, and all persons acting in its or their aid, do absolutely refrain and desist, until further order in this case, from diverting, taking, appropriating, or using the waters of Kern River, above the head of the Stein Canal Company's ditch, described in said complaint, so as to diminish the waters of said river to such an extent that they will not supply to each of the water companies mentioned in the said complaint as plaintiffs, except the Goose Lake Canal Company, the amount of water which it is alleged in the complaint they have the right respectively to appropriate and divert from said Kern

River, and that a writ of injunction issue in conformity with such order.

Remittitur forthwith.