STATE v. HOWARD CARTER, JR.

(Filed 24 November, 1965.)

1. **Witnesses § 1—**

The competency of a nine-year old girl to testify is addressed to the sound discretion of the trial judge, and where the record discloses an investigation by the court showing that the child was intelligent and had an understanding of the sanctity of an oath, the record fails to show any abuse of discretion in permitting the child to testify.

2. **Rape § 1—**

Consent of prosecutrix which is induced by fear and violence is void and is no legal consent.

3. **Rape § 5— Evidence of defendant's guilt of rape held sufficient to be submitted to the jury.**

The State introduced plenary evidence that defendant had carnal knowledge of his nine-year old stepdaughter and that defendant did so by force in pushing her to the kitchen floor and forcefully and brutally having sexual intercourse with her. The evidence further tended to show that the only other occupants of the house at the time were four children younger than prosecutrix. *Held:* The evidence is sufficient to permit the jury to find that the failure of the nine-year old prosecutrix to resist was induced by fear, and therefore that the act was accomplished by force and against her will and without her consent, and in a prosecution upon an indictment drawn under the first clause of G.S. 14-21, charging defendant with feloniously ravishing and carnally knowing the prosecutrix by force and against her will, nonsuit was correctly denied, and her testimony that she did not re-

sist defendant does not alter this result, since, considered in relation to the facts in evidence, the failure to resist was probably predicated upon fear of defendant and the obvious futility of resistance.

**4. Criminal Law § 99—**

On motion to nonsuit, the evidence is to be considered in the light most favorable to the State and the State is entitled to every reasonable inference of fact which may reasonably be deduced therefrom, with contradictions and discrepancies resolved in its favor.

**5. Criminal Law § 121—**

A motion in arrest of judgment will lie only for a fatal defect appearing on the face of the record proper, and cannot be based upon an asserted variance between the indictment and proof.

APPEAL by defendant from *Hall, J.,* 1 March 1965 Criminal Session of VANCE.

Criminal prosecution on an indictment charging that Howard Carter, Jr., the defendant, "on or before the 17 day of December 1964, with force and arms, at and in the county aforesaid, did unlawfully, wilfully and feloniously ravish and carnally know Shirley Elizabeth Silver, a female, by force and against her will."

Defendant, who was represented by his attorney Linwood T. Peoples, entered a plea of not guilty. Verdict: "Guilty as charged to the crime of rape with recommendation of imprisonment for life."

From a judgment of imprisonment for life in the State's prison (G.S. 14-21), defendant appeals.

*Attorney General T. W. Bruton, Deputy Attorney General Harry W. McGalliard, and Staff Attorney George A. Goodwyn for the State. Linwood T. Peoples for defendant appellant.*

PARKER, J. Defendant assigns as error the denial of his motion for judgment of compulsory nonsuit made at the close of the State's evidence, and the denial of a similar motion made at the close of all the evidence.

Shirley Elizabeth Silver's first testimony was, "I am nine years old." Whereupon, counsel for defendant objected to her testifying further on the ground that she was incompetent as a witness due to her age. The judge had the jury to retire to their room, and in their absence heard testimony as to her competency. She testified on direct examination in substance as follows: She is nine years old. She puts her trust in God. She knows the difference between right and wrong, and she knows what it means to tell a story. It means that you will be telling a story to God, and if you tell a story to God,

you will go to the bad place. She is in the third grade at school. She testified on cross-examination in substance: She lives with her mother. Defendant is her stepfather. She has been to church, but does not now go regularly. Her mother and her teacher told her it was bad to tell a story. She makes 100's in school; she makes A, B, and C on her report cards. This in substance is her testimony in reply to questions by the judge: She knows the difference between telling a story and telling the truth. When she was sworn on the Bible, she knew it meant to tell the truth when she testified in court. She knows a story is something that is not true. She intends to tell the truth in this case, and she is not going to tell a story. The judge found that she was competent to testify, to which the defendant objected and excepted.

The competency of this nine-year-old girl to testify as a witness in the case was a matter resting in the sound discretion of the trial judge, and considering her testimony above narrated, no abuse of judicial discretion appears. The judge's ruling was correct. S. v. Satterfield, 207 N.C. 118, 176 S.E. 466 (a seven-year-old child); S. v. Gibson, 221 N.C. 252, 20 S.E. 2d 51 (a five-year-old child); S. v. Merritt, 236 N.C. 363, 72 S.E. 2d 754 (a five-year-old child); McCurdy v. Ashley, 259 N.C. 619, 131 S.E. 2d 321 (a six-year and five- or six-month-old child).

After Shirley Elizabeth Silver was held to be a competent witness, the jury returned to the courtroom, and she testified in substance on direct examination: Defendant Carter is her stepfather. On 17 December her mother got up and went off to work in a cotton field, leaving her, defendant, and her little brothers and sisters, aged three, four, six, and seven years, in the home with her. She went into the kitchen to prepare breakfast for her little brothers and sisters, while they were dressing in their bedroom. Defendant came into the kitchen and pushed her down on the floor. She did not want him to push her down on the floor. He got on top of her on the floor, slapped her twice, told her not to holler, and told her to shut up. She then testified to the effect that defendant had sexual intercourse with her on the floor, and that she was hurt and bled. It would serve no useful purpose to set forth the sordid details of defendant's acts. After defendant finished with her, he left the house. After he left, Rosa Mann came to the house, fixed her up, and went for Pearl Macon. When they returned, Shirley fell on the floor. They picked her up, put her in a chair, and went for her mother. They carried her to a hospital in Henderson. In the hospital Dr. P. N. Avery put her on a table and put her to sleep. She doesn't know what the doctor

did to her. She spent the night in the hospital. She testified on cross-examination: "No, I did not resist Poochy [defendant] in any way. No, I did not slap him."

Rosa Mann's testimony is to this effect: When she arrived at Shirley Elizabeth Silver's home, Shirley told her she was hurt and was bleeding. She put some pieces of cloth on her and told her that would last until her mother came. She left, and Shirley called her and said she needed changing again. Shirley was "real bloody." She asked Shirley if anybody had bothered her and Shirley said her step-father had. She found Shirley's mother and brought her home.

Dr. P. N. Avery is a medical doctor in Henderson and was a wit-ness for the State. It was stipulated by defendant and the State that he is a medical expert. He testified in substance: He examined Shirley on 17 December 1964 in the hospital in Henderson. He found quite a lot of blood, a large blood clot in her vagina, and wounds in her vagina. At first he could not make a full examination because of her pain and trauma. He took her to the operating room and put her to sleep. He then found she had a laceration of the vagina one and one-half inches long, and another laceration of the vagina one-half an inch long. While she was asleep, he sewed up her lacerations, tak-ing eleven stitches. She lost a lot of blood. His examination disclosed her vagina had been penetrated. Shirley told him that on this morn-ing defendant threw her on the floor, got on her, and had intercourse with her.

K. K. Robinson, a deputy sheriff of Vance County, and a witness for the State, testified that he talked to Shirley at the hospital. His testimony is to the effect that Shirley told him defendant had had intercourse with her.

Defendant's evidence is to this effect: Soon after his wife left their home, he left in a car driven by Louise Richardson, who car-ried him to town to get his driver's license. He did not return home until 5 or 6 p.m. that day. He did not molest or bother Shirley in any way. He did not slap her. When he arrived home, he asked where Shirley was. The children said she was in the hospital. When his wife came home, he asked her what was wrong with Shirley, and she said somebody had been messing with her. He said it was not he. That night the officers came to his house with a warrant and arrested him.

The indictment charges that defendant did feloniously ravish and carnally know Shirley Elizabeth Silver, a female, by force and against her will. First clause of G.S. 14-21. The indictment does not charge defendant with carnally knowing and abusing Shirley Eliza-

beth Silver, a female child, under the age of twelve years, second clause of G.S. 14-21, in which case neither force nor lack of consent need be alleged or proven, the reason being that by virtue of the second clause of G.S. 14-21 such child under the age of twelve years is presumed incapable of consenting. *S. v. Johnson,* 226 N.C. 266, 37 S.E. 2d 678; *S. v. Strickland,* 254 N.C. 658, 119 S.E. 2d 781.

Defendant contends that the State is required to show according to its indictment here that defendant ravished and carnally knew Shirley Elizabeth Silver by force and against her will, that proof of force and lack of consent are necessary elements of the rape charged in the indictment, and that considering the State's evidence, in the light most favorable to it, the State has no evidence sufficient to carry the case to the jury on the question of lack of consent on the part of Shirley Elizabeth Silver. That Shirley testified: "No, I did not resist Poochy [defendant] in any way. No, I did not slap him." Defendant cites in his brief in support of his contention: *S. v. Johnson, supra; S. v. Strickland, supra; S. v. Barefoot,* 241 N.C. 650, 86 S.E. 2d 424; 44 Am. Jur., Rape, § 104, p. 968. These three cases and the section in Am. Jur. cited by defendant are not precisely in point, in that they do not discuss the question of lack of consent by a young child, when the indictment does not allege her age, but alleges merely that she was a female, and was feloniously raped by force and against her will, under the first clause of G.S. 14-21.

The State has plenary evidence that defendant had carnal knowledge of Shirley Elizabeth Silver. If such knowledge were obtained "by force and against her will," as charged in the indictment here, it was rape, otherwise not, under the indictment here. *S. v. Thompson,* 227 N.C. 19, 40 S.E. 2d 620. The State has ample evidence that defendant had carnal knowledge of Shirley Elizabeth Silver by force. In this connection, "the phrases 'against the will of the female' and 'without her consent' mean the same thing. Any attempted distinction would be meaningless and could only confuse a jury if it were attempted." *Wilson v. State,* 49 Del. 37, 109 A. 2d 381, *cert. den.* 348 U.S. 983, 99 L. Ed. 765.

This is said in 44 Am. Jur., Rape, § 13, p. 910:

"Consent of the woman from fear of personal violence is void. Even though a man lays no hands on a woman, yet if by an array of physical force he so overpowers her mind that she dares not resist, or she ceases resistance through fear of great harm, the consummation of unlawful intercourse by the man is rape. The age of the prosecutrix is always important to be considered in such cases."

To the same effect, 75 C.J.S., Rape, § 12(c), p. 475 *et seq.*

"A consent obtained by the use of force or fear due to threats of force is void, and the offense then rape." 1 Wharton's Criminal Law and Procedure (Anderson Ed. 1957), § 311, p. 649.

*S. v. Thompson, supra,* was a criminal prosecution on an indictment charging the defendants with rape. The evidence for the State tends to show that on the night of 17 March 1946 the defendants severally had sexual intercourse with the prosecuting witness, who testified: "I did not object to the intercourse these defendants had with me because I was so frightened, I was afraid they would kill me; it was against my wishes and against my will. . . . I did not consent; I used as much force as I could to keep them from having sexual intercourse with me." The Court held that the State had made out a case for the jury, and the opinion states:

> "True, the prosecutrix unwittingly says she did not 'object to the intercourse' which the defendants had with her, but this was predicated upon the reason stated that she feared for her life, and 'it was against my wishes and against my will.' She further says: 'I did not consent; I used as much force as I could to keep them from having sexual intercourse with me.' It is conceded that the 'force' necessary to constitute rape, need not be actual physical force. 52 C.J. 1024. Fear, fright, or coercion, may take the place of force. 44 Am. Jur. 903."

*S. v. Cross,* 12 Iowa 66, 79 Am. Rep. 519, is in point. Defendant was charged with the commission of the crime of rape, and was found guilty of an assault with intent to commit rape. He assigns as error that the court erred in overruling the motion for a new trial, based upon the ground that the verdict was contrary to the law and evidence. The prosecutrix was 15 years of age. The defendant was a married man of the age of 35. The Court in its opinion said:

> "Consent involves submission, but a mere submission by no means necessarily involves consent. For it might be admitted, in most cases, that the submission of an adult female to such an outrage necessarily proved consent. The mere submission of a child, however, in the power of a strong man, can by no means be taken to be such consent as to justify the prisoner in point of law: *Regina v. Banks,* 8 Car. & P. 574; *Regina v. Day,* 9 *Id.* 722.
>
> "In this case, differing from that of *State v. Tomlinson,* 11 Iowa 401, the prosecutrix is a mere child, was in the hands of a strong man, and may have been overcome by fear and submitted without consenting. This the jury may have found, and

we are by no means prepared to say they were not justified in so doing. Then his conduct in placing her in the room, with the other circumstances disclosed, show his purpose and intention so unmistakably that we conclude that the verdict was fairly justified, and the case is therefore affirmed."

We have examined the case of *Regina v. Day* and it supports the statement of law in the opinion.

In *Bailey v. Commonwealth*, 82 Va. 107, the defendant was found guilty of rape. The evidence in this case is to this effect: In the nighttime defendant entered the bed of his fourteen-year-old stepdaughter, which was situated in a room in which three other small children were sleeping. There were no other persons in the house. The prosecutrix forbade the defendant from getting in the bed with her but made no further resistance. The defendant got in bed with her and had sexual intercourse. The Court in its opinion said:

"A consent induced by fear of bodily harm or personal violence is no consent * .* *.

"In a case when in the dead hour of darkness and of night, in a house where there is no help, save from three sleeping children, the oldest eight or ten years old, with the knowledge that her mother and older sister are beyond call and beyond reach, a girl fourteen years of age sees her stepfather preparing himself to come to bed to her, asserting his unlawful desires toward her, and she finds courage to forbid him to enter her bed, she has perhaps expressed her refusal to consent to the unlawful cohabitation to as great an extent as the law will require, before holding the unnatural ravisher to the law's penalties.

*          *          *

"The sexual intercourse, under the circumstances of this case, make out a case of rape, and the judgment of the county court of Giles County must be affirmed."

Shirley Elizabeth Silver, a nine-year-old child, was alone in the house with defendant, her stepfather, and four little brothers and sisters younger than she was. She was in the kitchen preparing breakfast for these children. Defendant, her stepfather and a grown man, came into the kitchen, pushed her down on the floor against her will, got on top of her on the floor, slapped her twice, told her not to holler, and forcibly and brutally had sexual intercourse with her. It is true that on cross-examination she testified: "No, I did not resist Poochy [defendant] in any way." Considering the age of Shirley, the uselessness or impossibility of any resistance by her pushed down on

the floor with defendant, a grown man, on top of her and slapping her, and only four small children except defendant and herself in the house, and the degree of force used on her by defendant, it is our opinion, and we so hold, the State's evidence would reasonably permit a jury to find that the mere failure of this nine-year-old child in the power of defendant, a grown man, to resist, and most probably induced by fear and violence not to resist, was no consent, and that defendant ravished and raped her by force and against her will and without her consent. The trial judge properly overruled defendant's motion for judgment of compulsory nonsuit.

The practice is thoroughly settled in this jurisdiction that on a motion to nonsuit, the evidence is to be considered in its most favorable light for the State, and the State is entitled to every inference of fact which may reasonably be deduced from the evidence, and contradictions and discrepancies in the State's evidence are for the jury to resolve and do not warrant the granting of the motion of nonsuit. *S. v. Simpson*, 244 N.C. 325, 93 S.E. 2d 425; *S. v. Thompson, supra.*

Defendant assigns as error the denial of his motion in arrest of judgment on the ground that the State's evidence does not conform to the allegations contained in the indictment. This assignment of error is overruled. "A motion in arrest of judgment can be based only on matters which appear on the face of the record proper, or on matters which should, but do not, appear on the face of the record proper. * * * The evidence in a case is no part of the record proper. * * * In consequence, defects which appear only by the aid of evidence cannot be the subject of a motion in arrest of judgment." *S. v. Gaston*, 236 N.C. 499, 73 S.E. 2d 311.

Defendant's last assignment of error is the court "committed error in failing to declare and explain the law regarding the elements of rape and the evidence arising thereon." This assignment of error is overruled. We have carefully studied the court's charge to the jury and find no error therein that would warrant disturbing the verdict and judgment below.

An addendum to the record filed in this Court shows that a lawful jury of eleven men and one woman were duly selected, sworn and empaneled to try the issues joined in this case between the State of North Carolina and the defendant Howard Carter, Jr.

Shirley Elizabeth Silver testified: "I am nine years old. I put my trust in God." Over nineteen centuries ago, Jesus was with his disciples in Galilee, and he called a little child unto him and set him in the midst of them and said: "But whoso shall offend one of these

little ones which believe in me, it were better for him that a millstone were hanged about his neck, and that he were drowned in the depth of the sea." The Gospel according to St. Matthew (King James' version), chapter 18, verse 6.

Defendant has had a fair trial, free from error, and must abide, as best he can, the consequences of the atrocious act of which the jury found him guilty.

No error.