STATE v. BENJAMIN FRANKLIN LUCAS.

(Filed 11 May, 1966.)

**1. Rape § 17—**

In a prosecution for assault on a female under the age of consent, it is not required that defendant intend to force sexual relations notwithstanding any resistance the child might make and there is no requirement of force, an intent on the part of defendant to commit rape being sufficient.

**2. Rape § 18—**

Evidence tending to show that defendant, a 48 year old male, took off his pants so as to expose his private parts and got on top of a female child five years of age, and that her vagina was considerably bruised, *is held* sufficient to sustain a conviction of assault on a female with intent to commit rape.

MOORE, J., not sitting.

APPEAL from Clark, J., January 1966 Criminal Term of HOKE.

The defendant was charged in a bill of indictment with the rape of Wendi Carrol Parrish, a female child five years of age on August 30, 1965, but was not tried on the capital charge. He was convicted of an assault on a female with intent to commit rape, and from prison sentence imposed, appealed to this Court.

The State's evidence tended to show that the defendant, a 48-year old married man, took little Wendi Parrish, in his car to some woods near her home; that he made her lie down on the front seat of the car, took off his trousers and exposed the lower parts of his body; that Wendi was scared and crying and that he lay down on top of her and stuck his "finger" in her between her legs; that he persisted in spite of her request that he stop; and that after he did stop he gave her a dollar and she walked home. Before permitting the child to testify to the above, Judge Clark had examined her and found her to be a competent witness.

She told her mother and grandmother of the incident that night and was taken to see Dr. Roscoe McMillan the following day, who testified that "her vagina was considerably bruised, swollen and bleeding and that the depth of the bruising was as far up as he could go, approximately two inches." About five days later the Doctor found that she was infected from the injury to her vagina and was running a temperature which required that he treat her with antibiotics until November. He gave it as his opinion that the injury was caused by penetration of at least two and one-half inches, or as far up as her vagina extended, but gave no opinion as to what type of object was used for the penetration.

The defendant offered evidence tending to show an alibi but the State refuted it with impressive testimony by witnesses who testified that he was not on the job at the time in question and that he was seen by at least two adults in the vicinity of Wendi's home about the time in question.

The defendant assigns as error the failure of the court to grant his motion for judgment as of nonsuit at the close of the State's evidence and at the close of all the evidence.

*Harrison and Diehl by Philip A. Diehl Attorneys for the defendant appellant.*

*T. W. Bruton, Attorney General, James F. Bullock, Assistant Attorney General for the State.*

PER CURIAM. Upon a charge of assault with intent to commit rape of a female person above the age of twelve years, the State is required to show that the defendant actually committed an assault

with intent to force the female to have sexual relations with him, notwithstanding any resistance she might make; however, since a child under the age of twelve years cannot give her consent, the requirement of force is not necessary to constitute the offense. The vast majority of the states subscribe to the doctrine that an assault upon a female under the age of consent with intent to have intercourse, constitutes the crime of assault with intent to commit rape. This is well stated in 75 C.J.S., Rape, § 28, p. 493 as follows:

> "Where one touches or handles or takes hold of the person of a female under the age of consent with the present intent of having sexual intercourse with her then and there, he commits the offense of assault with intent to rape; and, when nothing but actual intercourse remains to follow acts done with intent to have intercourse with a girl under the age of consent, the crime is committed. Neither penetration nor an attempt thereof is necessary to constitute the crime of assault with intent to rape a female under the age of consent."

In 44 Am. Jur., Rape, § 23, p. 916 it is said:

> "Where a connection with a female child under the age of consent is considered as rape, it is almost universally held that an attempt to have such connection is an assault with intent to commit rape, the consent of the child being wholly immaterial; since the consent of such an infant is void as to the principal crime, it is equally so in respect to the incipient advances of the offender."

A full annotation on the subject may be found in 81 A.L.R., p. 599.

We do not have to leave North Carolina for citations in support of the above position for as early as 1880, when the age of consent was ten years, our Court said in *State v. Dancy,* 83 N.C. 608:

> The elements of "(f)orce and want of consent must be satisfactorily shown in the case of carnal knowledge of a female of the age of ten or more, but they are conclusively presumed in the case of such knowledge of a female child under that age, and no proof will be received to repel such presumption."

It had previously said that in order to convict the defendant, "the sufferer being under ten years of age, it was sufficient to show that he attempted to do the act; to carnally know and abuse the child, who was incapable of consenting." . . . The charge "is supported by proof of an assault with intent to unlawfully and carnally know and abuse a female child under the age of ten years." *S. v. Johnston,* 76 N.C. 209.

The well-reasoned and thorough opinion by Parker, J. (now C.J.), in *S. v. Carter*, 265 N.C. 626, 144 S.E. 2d 826 is analagous. There the indictment did not charge that the victim was just a nine-year old child, so the element of force and resistance had to be considered, almost as though she were past the age of consent. Here, the bill of indictment describes the little prosecutrix as "a female child under the age of twelve (12) years, towit: five (5) years of age" and, of course, she cannot consent. The law resists for her. But the *Carter* case says that the mere submission of a child, in the power of a strong man, can by no means be taken to be such consent as to leave him unanswerable for his reprehensible conduct.

The defendant contends that the evidence only discloses a possible intent to assault the child with his finger but a little five year old girl would not likely know the various components of a man's anatomy and it could reasonably be found that he did not use his "finger" as referred to by the child, but assaulted her with his private parts. His more serious intent is shown by the evidence that he took off his pants so as to expose his private parts and that he got on top of her in the front seat of the car.

The defendant has shown no substantial error and the verdict is amply sustained by the evidence.

No error.

MOORE, J., not sitting.