STATE v. ROBERT FRANKLIN HARTSELL.

(Filed 2 February, 1968.)

**1. Indictment and Warrant § 1—**

A preliminary hearing is not an essential prerequisite to the finding of an indictment in this State.

**2. Indictment and Warrant § 4—**

An indictment is not subject to quashal on the ground that the testimony of the witnesses who appeared before the grand jury was based upon hearsay.

**3. Rape § 17—**

In a prosecution for assault on a female under the age of consent, it is not required that defendant intend to force sexual relations notwithstanding any resistance the child might make, and there is no requirement of force, an intent on the part of defendant to commit rape being sufficient.

**4. Rape § 18—**

Evidence in this case *held* sufficient to be submitted to the jury on the issue of defendant's guilt of assault with intent to commit rape.

**5. Criminal Law § 104—**

On motion to nonsuit, contradictions and discrepancies in the State's evidence are for the jury to resolve and do not warrant nonsuit.

**6. Rape § 17—**

In an indictment charging each element of the offense of assault with intent to commit rape upon a female child below the age of consent, the use in the indictment of the words "by force and against her will" will be treated as surplusage.

**7. Rape § 18—**

In a prosecution for assault with intent to commit rape upon a female child, testimony of the prosecutrix that defendant had previously attacked her at unspecified times cannot be considered incompetent on grounds of remoteness when it appears that the child was eight years old.

**8. Criminal Law § 85—**

When the defendant takes the stand and offers evidence as to his good character, the State may cross-examine defendant as to prior acts of misconduct for the purpose of impeachment.

APPEAL by defendant from *Crissman, J.,* 30 January 1967 Criminal Session of GUILFORD — Greensboro Division.

Criminal prosecution on an indictment charging that defendant on 3 December 1966 "unlawfully, wilfully, and feloniously did assault one Cynthia Paulette Goins, a female the age of 8 years, and her the said Cynthia Paulette Goins, with the intent, unlawfully and feloniously, by force and against her will to ravish and carnally

know, against the form of the statute in such case made and provided and against the peace and dignity of the State."

Defendant, an indigent who was represented by his court-appointed counsel, Robert A. Merritt, pleaded not guilty. Verdict: Guilty of an assault on a female with intent to commit rape as charged in the indictment.

From a judgment of imprisonment in the State's prison for a term of not less than three years nor more than five years, defendant appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Ralph Moody for the State.*

*Robert A. Merritt for defendant appellant.*

PARKER, C.J. The trial court appointed defendant's trial attorney to appear for him in the Supreme Court. At the expense of Guilford County a transcript of the trial was furnished to defendant, and further at the expense of Guilford County the case on appeal and defendant's brief on appeal were mimeographed as is done for solvent defendants.

After the verdict defendant assigns as error that the "findings of the Municipal-County Court of Greensboro, purporting to bind defendant over to Superior Court are not sufficient, and do not show defendant, an indigent, represented by counsel, and do not show the findings with sufficient clarity," in that the records in that court state, "The Court, after hearing all the evidence in the case adjudges the defendant P C. . . ." This assignment of error is overruled.

Defendant here was tried on an indictment found a true bill by the grand jury. This is said in *S. v. Hackney,* 240 N.C. 230, 81 S.E. 2d 778:

> "Unless there is a statute requiring it, it is the general, if not the universal, rule in the United States that a preliminary hearing is not an essential prerequisite to the finding of an indictment. Such hearing is unknown to the common law. 27 Am. Jur., Indictments and Informations, p. 596; 22 C.J.S., Crim. Law, p. 484; *U. S. ex rel. Hughes v. Gault,* 271 U.S. 142, 70 L. Ed. 875. We have no statute requiring a preliminary hearing, nor does the State Constitution require it. It was proper to try the petitioner upon a bill of indictment without a preliminary hearing."

In addition, in the trial no reference was made to the preliminary hearing.

After the verdict defendant challenges the validity of the indictment on the following grounds: (1) The only witnesses before the grand jury were Raymond Goins and F. D. Redmond, a deputy sheriff, whose knowledge of the offense was based on hearsay; and (2) that the indictment was not clear and definite. Defendant does not contend that Raymond Goins and Deputy Sheriff. Redmond were disqualified, as a matter of law, from giving any testimony against him in respect to the case. The contention that the grand jury found the indictment a true bill on the testimony alone of Raymond Goins and F. D. Redmond is overruled on authority of *S. v. Turner,* 268 N.C. 225, 150 S.E. 2d 406; *S. v. Goldberg,* 261 N.C. 181, 134 S.E. 2d 334. The second contention that the indictment is not clear and definite merits no discussion. This assignment of error is overruled.

Both the State and defendant offered evidence. Defendant assigns as error the denial of his motion for judgment of compulsory nonsuit made at the close of all the evidence.

The State's evidence shows that Cynthia Paulette Goins was eight years old on 3 December 1966. Defendant is the brother of Cynthia's mother, and, according to his testimony, on 3 December 1966 he was twenty-four years old. In the instant case the indictment charges that Cynthia Paulette Goins was "a female the age of 8 years." In *S. v. Lucas,* 267 N.C. 304, 148 S.E. 2d 130, the Court said:

> "Upon a charge of assault with intent to commit rape of a female person above the age of twelve years, the State is required to show that the defendant actually committed an assault with intent to force the female to have sexual relations with him, notwithstanding any resistance she might make; however, since a child under the age of twelve years cannot give her consent, the requirement of force is not necessary to constitute the offense. The vast majority of the states subscribe to the doctrine that an assault upon a female under the age of consent with intent to have intercourse, constitutes the crime of assault with intent to commit rape. This is well stated in 75 C.J.S., Rape, § 28, p. 493 as follows:
>
> " 'Where one touches or handles or takes hold of the person of a female under the age of consent with the present intent of having sexual intercourse with her then and there, he commits the offense of assault with intent to rape; and, when nothing but actual intercourse remains to follow acts done with intent to have intercourse with a girl under the age of consent, the crime is committed. Neither penetration nor an attempt thereof is necessary to constitute the crime of assault with intent to rape a female under the age of consent.'

"In 44 Am. Jur., Rape, § 23, p. 916 it is said:

" 'Where a connection with a female child under the age of consent is considered as rape, it is almost universally held that an attempt to have such connection is an assault with intent to commit rape, the consent of the child being wholly immaterial; since the consent of such an infant is void as to the principal crime, it is equally so in respect to the incipient advances of the offender.'

"A full annotation on the subject may be found in 81 A.L.R., p. 599.

"We do not have to leave North Carolina for citations in support of the above position for as early as 1880, when the age of consent was ten years, our Court said in *State .v. Dancy,* 83 N.C. 608:

"The elements of '(f)orce and want of consent must be satisfactorily shown in the case of carnal knowledge of a female of the age of ten or more, but they are conclusively presumed in the case of such knowledge of a female child under that age, and no proof will be received to repel such presumption.'

"It had previously said that in order to convict the defendant, 'the sufferer being under ten years of age, it was sufficient to show that he attempted to do the act; to carnally know and abuse the child, who was incapable of consenting.' . . . The charge 'is supported by proof of an assault with intent to unlawfully and carnally know and abuse a female child under the age of ten years.' *S. v. Johnston,* 76 N.C. 209."

Considering the State's evidence in the light most favorable to it, and giving it the benefit of every reasonable inference to be drawn therefrom (2 .Strong, N. C. Index 2d, Criminal Law, § 104), the testimony of the eight-year old prosecutrix was sufficient to carry the case to the jury and, if believed, to warrant a conviction of the felony charged in the indictment. Prosecutrix did not tell anyone immediately after her uncle had committed the offense upon her. Several days later she told her father she was sore and hurting in her private parts, and her father told her mother to take her into a bedroom and examine her. After her mother examined her, she told prosecutrix she would whip her if she did not tell who did it. Prosecutrix replied that Uncle Robert did it, and that he told her not to tell. This would not justify a nonsuit. It simply would affect Cynthia's credibility as a witness which was a matter for the trial jury to consider. It is hornbook law that contradictions and discrepancies,

even in the State's evidence, are for the jury to resolve and do not warrant a nonsuit. 2 Strong, N. C. Index, Criminal Law, § 104.

S. v. Carter, 265 N.C. 626, 144 S.E. 2d 826, is distinguishable in that in that case the indictment did not charge that the victim was a child under twelve years of age. The indictment merely charged that the victim was a female. Hence in the Carter case the element of force and resistance had to be considered. In the instant case the eight-year-old victim could not have consented. The law resisted for her. The indictment in the instant case charges every element of the felony of an assault with intent to commit rape upon a female child eight years of age, and the use in the indictment here of the words "by force and against her will" was unnecessary and will be considered as surplusage.

Defendant, while admitting that he was at his parents' home with the prosecutrix, her mother, and the other children of her family at the time, denied any knowledge of the offense and testified that he did not have any "relations" with Cynthia.

Defendant assigns as error that Cynthia was permitted by the court, over his objections and exceptions, to testify that defendant had "done to her" before at the home of her grandparents and at her home in Greensboro what he "had done to her" on the date charged in the indictment. While she did not testify as to the date of the alleged prior intimacies, considering her age of eight years we do not think that they were too remote. This assignment of error is overruled on authority of S. v. Browder, 252 N.C. 35, 112 S.E. 2d 728; S. v. Leak, 156 N.C. 643, 72 S.E. 567; State v. Nicks, 134 Mont. 341, 332 P. 2d 904, 77 A.L.R. 2d 836, and annotation in A.L.R., ibid, at 852 et seq.

Defendant went on the stand at his own request. He assigns as error that on cross-examination the court overruled his objections to being asked if he had assaulted Susie, an older sister of Cynthia, about four years ago in the same manner that he has been charged with assaulting Cynthia, and if he had not told an officer about it and her parents about it. In response to such questions, over his objection and exception he testified that about four years ago he had ·assaulted Susie, Cynthia's older sister, in the same manner that he is charged with assaulting Cynthia in this case, and that he had told an officer about it, and that when Susie's parents asked him about it he told them about it. This assignment of error is overruled. The defendant having become a witness in his own behalf and also having offered evidence that he was a man of good character, it was proper for the State on cross-examination to ask him questions to impeach his character and for the court to compel him to answer the ques-

tions. The evidence elicited on cross-examination of defendant was competent. *S. v. Robinson*, 272 N.C. 271, 158 S.E. 2d 23; *S. v. King*, 224 N.C. 329, 30 S.E. 2d 230.

There are several assignments of error to the charge of the court. The court correctly instructed the jury that they could return one of three verdicts as they found the facts to be from the evidence under the charge of the court, to wit, either guilty of an assault with intent to commit rape as charged in the indictment, guilty of an assault upon a female, or not guilty. We have read the charge of the court in its entirety and it was fair to the State and fair to the defendant and applied the applicable law to the facts of the case. Reading the charge as a whole, error is not shown which would justify upsetting the verdict and judgment below.

All defendant's assignments of error have been considered and all are overruled. In the trial below we find

No error.