STATE OF NORTH CAROLINA v. VARDELL JACOBS

No. 83

(Filed 12 May 1971)

1. Criminal Law § 161— assertion of error on appeal — necessity for exceptions

Any error asserted on appeal must be supported by an exception duly taken and shown in the record. Supreme Court Rules of Practice Nos. 19 and 21.

State v. Jacobs

2. **Criminal Law § 161— exceptions appearing for first time in assignments**

    Exceptions which appear for the first time in the purported assignments of error present no question for appellate review.

3. **Criminal Law § 161— requisite of assignment of error**

    An assignment of error must specifically state the alleged error so that the question sought to be presented is therein revealed.

4. **Criminal Law § 163— assignment of error to the charge**

    An assignment based on the court's failure to charge should set out the defendant's contention as to what the court should have charged.

5. **Attorney and Client § 5; Criminal Law § 146— obligations of court — appointed counsel — compliance with appellate rules**

    Appellate rules of practice are applicable to indigent defendants and their court-appointed counsel as they are to all others.

6. **Rape § 17— assault on female under the age of twelve — definition of the offense**

    An assault upon a female under the age of 12 years, made with intent to have sexual intercourse with her, constitutes the crime of assault with intent to commit rape—the elements of force and lack of consent being conclusively presumed.

APPEAL by defendant from *Clark, J.*, at the 6 October 1969 Criminal Session of ROBESON. *Certiorari* allowed by Court of Appeals 29 December 1970; transferred from the Court of Appeals for initial appellate review by the Supreme Court under G.S. 7A-31 (b) (4).

Defendant was tried upon a bill of indictment which charged that on 28 June 1969 he feloniously assaulted Jeanne Oxendine, a female child six years of age, with the intent to rape her. At the trial, and at the preliminary hearing, defendant was represented by his privately employed attorney.

Evidence for the State tended to show: About 11:00 on the night of 28 June 1969, Sherrod Oxendine and his wife, the parents of six-year-old Jeanne Oxendine, left her and their other six children at the home while they attended a tobacco barn some distance away. Upon their return Oxendine found one George Arthur Locklear, who had been forbidden to come on the premises, in an old automobile parked in the yard. He also observed defendant, whom he did not know, seated in the kitchen. Oxendine procured his shotgun and ordered the men away. The next morning Jeanne told her mother that during

State v. Jacobs

her absence the night before, she had been asleep on the couch in the TV room; that she was awakened by defendant, who put his finger in her private parts. He then removed her pants, unzipped his own, and attempted to have intercourse with her. He hurt her and she cried out. Her brother David woke up and came into the room. While her pants were off, defendant told David to get him a glass of water, but David would not leave the room. He saw defendant pull off Jeanne's pants and put them back on. Jeanne bled some, and the blood got on her pants. Jeanne was taken to the emergency room at the hospital where she was examined by a gynecologist. He found her hymenal ring intact, but he observed within the vagina two scratches, each one-half inch in length. She had several scratches between the opening of the vagina and the rectum. At the sheriff's office, Jeanne identified defendant as the man who had molested her and said that Locklear had not touched her.

Defendant offered no evidence.

The jury's verdict was "guilty as charged," and the court sentenced defendant to serve a term of not less than ten nor more than fifteen years in the State's prison. After being informed by his attorney, N. L. Britt, of his right to appeal—at the State's expense if he was indigent—and after a "thorough discussion, it was the decision of defendant to serve the sentence and not to appeal." Two days later, however, defendant gave notice of appeal, and N. L. Britt was appointed to prosecute his appeal. Thereafter Mr. Britt became ill, and the appeal was never perfected. A year later, when the solicitor moved to dismiss the appeal, the court substituted Evander M. Britt as counsel for defendant and directed him to apply to the Court of Appeals for *certiorari*. The Court of Appeals allowed the petition, and the appeal was transferred to us under our order of 31 July 1970.

*Robert Morgan, Attorney General; Sidney S. Eagles, Jr., Assistant Attorney General; Russell G. Walker, Jr., Staff Attorney, for the State.*

*Evander M. Britt, attorney for defendant.*

SHARP, Justice.

Defendant makes four assignments of error. His case on appeal, however, shows no objection to any evidence offered by

the State and no exception to any ruling by the trial judge or to his charge to the jury. In his first assignment of error defendant's counsel asserts "that the lower court erred in failing to declare and explain the law arising on the evidence given in the case as required by G.S. 1-180, *as set forth in this Exception No. 1.*" (Italics ours.)

**[1-5]** The Rules of Practice (19 and 21) of both this Court and the Court of Appeals require any error asserted on appeal to be supported by an exception duly taken and shown in the record. Exceptions which appear for the first time in the purported assignments of error present no question for appellate review. *State v. Greene,* 278 N.C. 649, 180 S.E. 2d 789. *See State v. Merrick,* 172 N.C. 870, 90 S.E. 257. Furthermore, each assignment must specifically state the alleged error so that the question sought to be presented is therein revealed. *State v. Staten,* 271 N.C. 600, 157 S.E. 2d 225. An assignment based on the court's failure to charge should set out the defendant's contention as to what the court should have charged. *State v. Wilson,* 263 N.C. 533, 139 S.E. 2d 736. Appellate rules of practice are applicable to indigent defendants and their court-appointed counsel as they are to all others. *State v. Price,* 265 N.C. 703, 144 S.E. 2d 865.

**[6]** Defendant's brief discloses that in his first assignment he complains of the charge upon the premise that the court did not properly define either assault or assault with the intent to commit rape. This postulate, the foundation of defendant's appeal, is not supported by the record. After giving the usual definitions of assault and rape, the judge explained to the jury that an assault upon a female under the age of 12 years, made with intent to have sexual intercourse with her, constitutes the crime of assault with the intent to commit rape—the elements of force and lack of consent being conclusively presumed. This was a correct instruction, fully supported by the decisions of this Court. *State v. Hartsell,* 272 N.C. 710, 158 S.E. 2d 785; *State v. Lucas,* 267 N.C. 304, 148 S.E. 2d 130; *State v. Carter,* 265 N.C. 626, 144 S.E. 2d 826. A child under the age of twelve cannot consent, G.S. 14-21, and "[t]he law resists for her." *State v. Lucas, supra* at 307, 148 S.E. 2d at 131.

Defendant expressly abandoned his second assignment of error, that is, that the judge erred in refusing to set aside the jury's verdict as being against the weight of the evidence. The

third and fourth assignments, that the court erred in refusing to grant defendant's motion for a new trial and in entering judgment, are formal and also without merit.

The court instructed the jurors that they might return one of three verdicts: guilty of the felony charged, guilty of an assault on a female, or not guilty. The evidence was short and uncontradicted; the charge, uncomplicated. Nothing suggests that the jury did not fully understand the instructions or that there has been a miscarriage of justice. In the trial we find

No error.