State v. Penn

STATE OF NORTH CAROLINA v. HENRY JUNIOR PENN

No. 7918SC470

(Filed 4 March 1980)

Rape § 18.3— instructions on assault with intent to rape female under 12—failure of indictment to allege victim was under 12

The trial court erred in instructing the jury on assault with intent to commit rape upon a female under twelve years of age where the indictment charged defendant with assault with intent to commit rape and did not allege that the victim was under twelve years of age.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 25 October 1978 in Superior Court, GUILFORD County. Heard in the Court of Appeals 26 September 1979.

The defendant was indicted in form as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRE-SENT, That Henry Junior Penn in Guilford County, on or about the 18th day of April, 1978, with force and arms, at and in the county aforesaid, did, unlawfully, wilfully and feloniously assault with intent to ravish and carnally know . . . a female, by force and against her will against the form of the statute in such case made and provided and against the peace and dignity of the State."

The State's evidence tended to show that defendant had taken an eight-year-old girl from her home and attempted to have intercourse with her. The court charged the jury in part as follows:

"Now, members of the jury, for you to find the defendant guilty of assault with intent to commit rape on . . . a child under 12, the State must satisfy you or prove to you

three things beyond a reasonable doubt. First, that the defendant assaulted this child . . . that is, that he put his hands upon her person; that he did take her pants partially down; and second, that he intended to gratify his passion to have sexual intercourse with this child; and third, that at the time that he did this that she had not reached her 12th birthday."

The remainder of the charge was in regard to assault with intent to commit rape on a child under twelve. The defendant was found guilty of assault with intent to commit rape.

*Attorney General Edmisten, by Assistant Attorney General R. W. Newsom III, for the State.*

*Herman L. Taylor for defendant appellant.*

WEBB, Judge.

The defendant assigns as error the court's charge that the jury could find the defendant guilty of assault with intent to commit rape if they found the victim had not reached her twelfth birthday when the indictment did not charge that the victim was under twelve years of age. Defendant was charged under former G.S. 14-22 (now repealed) with assault with intent to commit rape. Although the words of this statute did not make a difference as to assaults upon females who were under twelve years of age as did the statute in regard to rape, it has been held that G.S. 14-22 is a lesser included offense of G.S. 14-21. A person may be convicted of assault with intent to commit rape without proving he intended to gratify his passion notwithstanding any resistance on the part of his intended victim if the State proves the victim was under twelve years of age. *See State v. Hartsell,* 272 N.C. 710, 158 S.E. 2d 785 (1967). An indictment may charge an assault with intent to commit rape as in the case sub judice or an assault with intent to commit rape on a female under twelve years of age. In the case sub judice the defendant was not charged with an assault to commit rape upon a female under twelve years of age and it was error for the court to submit the case to the jury on that charge. *See State v. Carter,* 265 N.C. 626, 144 S.E. 2d 826 (1965); *State v. Lucas,* 267 N.C. 304, 148 S.E. 2d 130 (1966).

State v. Penn

The defendant has brought forward other assignments of error which we do not consider since they may not recur at a subsequent trial.

New trial.

Judges ARNOLD and WELLS concur.