NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMIS-
SION, PETITIONER, v. E. E. PRIVETT AND WIFE, FANNIE PRIVETT;
H. A. CLAYTON, MRS. NINA SUTTLES, WIDOW, H. G. COKER, HAR-
VEY C. CARROLL, TRUSTEE; W. T. USSERY, C.Q.T., COUNTY OF
RICHMOND, AND TOWN OF ROCKINGHAM, RESPONDENTS.

(Filed 28 June, 1957.)

**1. Appeal and Error § 41—**

Where the record fails to show what the witness would have testified
had he been permitted to answer, exclusion of the testimony cannot be held
prejudicial.

**2. Eminent Domain § 18c—**

Where, upon cross-examination of respondents' witness who had testi-
fied as to the value of respondents' land before and after the taking, peti-
tioner brings out the witness' opinion as to the value of each structure on
the land condemned before and after the taking and the statement that the
witness based his estimates on the replacement cost of the buildings with-
out allowance for depreciation, the cross-examination tends to impair the
weight of the witness' testimony in chief but does not warrant the striking
thereof.

**3. Same—**

Where each of two witnesses for respondents testifies that he was famil-
iar with the property in question and the market values in the area and

that he had an opinion satisfactory to himself relative to the value of respondents' land before and after the taking, exception to the denial by the court of petitioner's motion for a preliminary examination of the witnesses on the ground that they may have taken into consideration improper elements and methods in forming their opinions of value, will not be sustained, counsel having taken full advantage of the opportunity of impairing the weight of their testimony by cross-examination.

**4. Same—**

Where petitioner's witnesses testify as to the value of respondents' property before and after the taking, it is proper for respondents to cross-examine them as to whether the witnesses had opinions or knowledge as to the value of other property in the area for the purpose of attacking the credibility of the witnesses and the weight, if any, to be given their testimony.

**5. Same—**

The exclusion of photographs of buildings on the property in question, tendered for the purpose of showing that respondents had stripped the buildings of certain parts which they considered of value before petitioner took possession, is not prejudicial when it is not made to appear from the evidence whether respondent or petitioner had so stripped the buildings.

**6. Appeal and Error § 42—**

Objection to the charge will not be sustained when the charge, considered contextually, is without prejudicial error.

**7. Same—**

Ordinarily, objection to the statement of contentions of a party will not be considered when the asserted misstatements are not brought to the trial court's attention in apt time.

**8. Trial § 41—**

The sole purpose of polling the jury is to ascertain whether the verdict as rendered is the verdict of each juror, and whether he then assents thereto, and the court properly refuses to permit questioning having for its purpose the impeachment of the jurors or their verdict.

**9. Eminent Domain § 19—**

Petitioner's exception to the judgment on the ground that, although the court described the lands condemned in accordance with a map which the parties stipulated showed the original boundaries of respondents' property and the part thereof condemned, the court deleted from the judgment drafted by petitioner an additional description, is untenable, since if the descriptions differ, the additional description should have been deleted, and if the two descriptions are in accord, the deletion is immaterial.

**10. Same—**

Where it appears that petitioner had taken land of respondents to widen a highway, and the proceedings are solely for the purpose of ascertaining the amount of compensation to be paid for the land taken, the judgment should describe the land by reference to the right-of-way of the highway

as it was on the date prior to the taking, rather than to its "present right-of-way."

**11. Same—**

The court properly refuses to incorporate in its judgment awarding damages for the condemnation of land a provision that the judgment should bear interest until paid, since G.S. 24-5 has no application to a judgment against the State Highway and Public Works Commission.

CROSS APPEALS from *Crissman, J.,* December Civil Term, 1956, of RICHMOND.

Proceedings in accordance with procedure prescribed by G.S. 40-11 *et seq.,* to condemn easement of right of way for highway purposes as authorized by G.S. 136-19.

The Privett property, located in Rockingham, N. C., some two blocks south of the Richmond County Courthouse, is involved.

The petition, after describing the entire Privett property, describes the portion condemned by metes and bounds as shown on map made by T. Berry Liles, registered surveyor, based on his survey of October 1, 1956. A copy of said map was attached to and made a part of the petition; and it was stipulated that this map was "a correct representation of the boundary lines of the property owned by E. E. Privett and affected by said taking, and that the area appropriated is indicated in red" on the copy thereof introduced in evidence as petitioner's Exhibit #1.

The Privett property, except for a small triangle right at the corner, comprises the southeast quadrant of the intersection of two principal highways, US #1 and US #74, with frontage on both highways. The portion condemned fronts only on US #1 and consists (as stipulated and as shown on said map) of "a strip across the front of the property measuring 25.45 feet wide at its narrowest (northern) and 25.8 feet wide at its widest (southern), 133.35 feet along the eastern side of US #1 and 137.47 feet long along the back."

The only answer was filed by the respondents Privett. It was stipulated that "the only persons who own any interest in the land are E. E. Privett and wife, Fannie Privett."

The commissioners' report, filed 25 October, 1956, was confirmed 10 November, 1956, by the clerk of the Superior Court, who entered judgment in accordance therewith. Petitioner and respondents appealed, demanding a jury trial in the Superior Court.

On 10 November, 1956, the clerk, by a separate order, granted petitioner's motion for immediate possession; and it was stipulated that "the time of the taking was on or about November 10, 1956."

Upon trial in the Superior Court, the only issue and the jury's verdict were as follows: "What sum, if any, are respondents entitled to recover

of petitioner as just compensation for the appropriation of their land, over and above all general and special benefits, if any, accruing to said lands, by reason of the widening and improving of US #1 under Project #6644? ANSWER: $38,500.00."

Petitioner's Project #6644 involved the *widening* and improvement of US #1, south of its intersection with US #74. Inside the city limits, the project required a right of way 80 feet wide.

While petitioner objected to the entry of any judgment in respondents' favor, petitioner's counsel drafted a form of judgment for use in the event the court should enter judgment in accordance with the verdict. The court, in signing the judgment on the verdict in respondents' favor, used the form drafted by petitioner's counsel after deleting this description of the land condemned, which preceded the particular description by metes and bounds as shown on the Liles map, to wit: "(An area) sufficient to give US No. 1, as widened, improved and reconstructed under Highway Improvement Project No. 6644, in front of said lands a parallel right of way width of 80 feet, measured 40 feet on each side of the center line thereof, as relocated approximately 10 feet eastwardly from the old center line under Project 6644, said area . . ."

Petitioner excepted and appealed, assigning errors.

Respondents, who also excepted *to the judgment* and appealed, assign as error the action of the court (1) "in not signing the judgment in form as tendered by respondents and in signing the judgment in form as tendered by the petitioner as modified," and (2) "in not including in the judgment a provision that after the lapse of reasonable time any unpaid amount thereof would draw interest."

*R. Brookes Peters, General Counsel, Leath & Blount and H. Horton Rountree for petitioner, appellant and appellee.*
*Pittman & Webb and Jones & Jones for respondents, appellants and appellees.*

BOBBITT, J. The front portions of two buildings were on the condemned portion of the Privett property. These buildings were (1) a 1½-story frame building, converted into a two family apartment, with four rooms and a bath on each floor and a connecting garage at the rear; and (2) a 2-story concrete block building, the ground floor of which had been used by Privett for his grocery and general merchandise business.

Other buildings on the Privett property, east of the condemned portion, are (1) the Privett residence, ten rooms and a bath, near the center of the Privett property; (2) a new 2-story concrete block building, fronting on US #74, the ground floor of which is now used by Privett for his grocery and mercantile business, with six rooms and a bath

upstairs; and (3) a new frame building, farther back from US #74, with nine rooms and two baths.

The Liles map shows the location of each of the several buildings and the portions of the two buildings fronting on US #1 within the condemned portion of the Privett property.

Petitioner and respondents offered opinion evidence as to the fair market value of the Privett land before and after the taking by petitioner of the portion condemned. The verdict indicates acceptance by the jury of the testimony that was more favorable to the respondents.

## PETITIONER'S APPEAL

Petitioner brings forward 28 assignments of error based on 44 exceptions. They relate to (1) rulings on evidence, (2) the charge, and (3) sundry matters.

Each exception to a ruling on evidence has been given close attention. No prejudicial error has been shown. It is deemed unnecessary to discuss any of the assignments relating to rulings on evidence except those considered below.

Where the court sustained objections to questions by petitioner's counsel, the subject of assignments 3, 5, 7 and 8, it is sufficient to say: "The record fails to show what the witness would have testified had he been permitted to answer. Hence, there is no basis for a consideration of these exceptions." *Hatcher v. Clayton*, 242 N.C. 450, 88 S.E. 2d 104, and cases cited.

The cross-examination of respondents' witness Cockman explored in detail the bases upon which the witness arrived at his opinion that the fair market value of the Privett property was $135,500.00 before the taking and $95,500.00 thereafter. The witness was questioned as to his valuation of the land itself and of each building thereon. In giving his opinion that the 2-story store building on the portion condemned should be valued at $27,500.00, he stated that he based this figure upon estimates he had obtained as to replacement cost; and the cross-examiner elicited testimony that the witness had made no allowance for depreciation of this replacement cost, notwithstanding the building had been there 20-25 years.

Petitioner's counsel moved that "his testimony there be stricken, because the courts have said replacement cost is not the proper measure of damages." Exception #5, upon which assignment #4 is based, is to the court's denial of said motion. The court aptly observed that petitioner's counsel had "brought it out." This testimony, it would appear, tends to impair the weight that should be given to the testimony of Cockman on direct examination as to over-all values; and, independent of the fact that it was elicited by petitioner's counsel, we detect nothing therein unfavorable to petitioner.

It must be kept in mind that *respondents* did not offer evidence as to the separate value of the land, considered alone, or of any building, considered alone. Nor did the court intimate that the replacement cost of any building was the proper measure of respondents' damage. The jury was given this instruction: ". . . the Court charges you that your measure of damages in this case is the difference between the fair market value of the entire tract of land, including the buildings thereon, immediately before the taking and the fair market value of what is left immediately after the taking. After weighing and considering all the evidence, you will determine by its greater weight, the burden being upon the landowner, the respondent, what amount, if any, would be just compensation for the appropriation of their land over and above all general and special benefits, if any, accruing to said lands." It is noted that petitioner does not assign the quoted instruction as error, nor the court's prior instructions as to fair market value and special and general benefits.

Before respondents' witnesses Haywood and McDonald had testified to their opinions as to the fair market value of the Privett property before and after the taking, petitioner's counsel moved that they be permitted to examine these witnesses to determine whether they "may have taken into consideration elements and followed methods" believed by counsel to be improper. Assignments #6 and #9, based on exceptions 7, 8, 9, 13 and 14, are based on the court's denial of these motions for such preliminary examination or cross-examination of respondents' said witnesses. Each witness had testified as to his familiarity with the Privett property and with market values in the area and that he had opinions satisfactory to himself relevant to the issue. Cross-examination was the available medium whereby the weight of the testimony might be impaired by showing that the witness "considered elements and followed methods" that did not reflect fair market value either before or after the taking. Suffice to say, petitioner's counsel fully embraced the opportunity so afforded by the privilege of cross-examination.

The eight exceptions on which assignments 13, 14 and 15 are based relate to the overruling of petitioner's objections to questions asked by respondents' counsel in their cross-examination of petitioner's witness Rice. Rice had testified to his opinions as to the fair market value of the Privett property before and after the taking. The cross-examiner wanted to know whether Rice knew the values of any other property in the area near the Privett property, or the prices at which such properties had been sold; and to all these questions the witness gave negative answers. The testimony so elicited was relevant solely to the credibility of the witness, and the weight, if any, to be given his testimony. Let it be noted that none of the questions undertook to elicit

testimony as to the valuations or sale prices of other properties, the questions being directed to whether the witness *had opinions or knowledge* with reference thereto.

Assignment #19 is to the refusal of the court to admit in evidence photographs of the buildings on the condemned portion of the Privett property, taken 15 November, 1956, after each building had been partially demolished. The argument in support of this assignment implies that these buildings had been partially demolished by Privett before the petitioner took possession; and it is submitted "that the pictures are themselves mute evidence that the respondent Privett was stripping the buildings of certain parts which he considered of value and that he had done so before possession was surrendered to the Commission."

Petitioner's witness Southall had identified these photographs as representing the condition of these buildings on 15 November, 1956, "the day the first work was done by the Commission." His testimony is silent as to whether the partial demolition of the buildings when the photographs were taken had been effected by Privett or by petitioner.

As to the charge: When considered contextually, it is quite clear that the instructions given were in accordance with the applicable rule as to measure of damages declared by this Court in *Proctor v. Highway Com.*, 230 N.C. 687, 55 S.E. 2d 479; *Highway Com. v. Black*, 239 N.C. 198, 79 S.E. 2d 778. Also, see *Statesville v. Anderson, supra.*

As to assignments directed to alleged errors in the statement of petitioner's contentions, the rule is that timely objection must be made, directing the court's attention to such inadvertencies so that correction thereof may be made at the time. As in *Coach Co. v. Motor Lines*, 229 N.C. 650, 50 S.E. 2d 909, nothing appears here to take this case out of the general rule.

Suffice to say, none of the assignments directed to the charge show prejudicial error.

As to other assignments, petitioner has not shown prejudicial error. It is deemed unnecessary to discuss any of these assignments except those considered below.

Assignment #25 relates to petitioner's request that the jury be polled. The court polled the jurors in the usual manner. The assignment is directed to the court's refusal, in polling the jury, to ask specifically as to whether they knew the amount of the commissioners' award before arriving at their verdict. The jury had returned the verdict. The polling of the jury is for one purpose only, to ascertain whether the verdict as returned is the verdict of each juror and whether he then assents thereto. "It would manifestly be improper for the judge or clerk to attempt to impeach the jurors or their verdict by seeking to ascertain by an examination of each of the jurors the grounds upon which the

jurors had agreed upon their verdict." *Oil Co. v. Moore*, 202 N.C. 708, 163 S.E. 879.

The deletion from the form of judgment drafted by petitioner's counsel of the portion of the description of the land condemned quoted in the statement of facts is the basis of assignment #27. Petitioner has failed to show prejudicial error. The description by metes and bounds in the judgment as signed is in accordance with the Liles map, which, by stipulation, correctly shows the original boundaries of the Privett property and the portion thereof condemned by petitioner. This description is sufficient. If the deleted (additional) description differs from the particular description by metes and bounds according to the Liles map, it should have been deleted. If the two descriptions are fully in accord, the deletion is immaterial.

On petitioner's appeal, we find no error of law deemed sufficiently prejudicial to justify a new trial.

## RESPONDENTS' APPEAL

In their assignment #1, respondents assert that the court erred in failing to sign the judgment prepared and tendered by them.

It is noted that the judgment signed, as well as that tendered by respondents, provided that respondents recover from petitioner the sum of $38,500.00. Respondents' said assignment does not draw attention to any specific provision of the judgment signed. If, as contended in their brief, the judgment signed contains unnecessary or inappropriate recitals or purported findings, it does not appear that respondents are prejudicially affected thereby. However, the modification indicated below should be made.

The identical description by metes and bounds of the portion condemned appears in the petition and in the judgment. This description begins: "Beginning at an iron stake in the eastern edge of the sidewalk on the eastern side of US Highway No. 1 . . . at a point S. 25 deg. 21' W. 14.5 feet distant from the iron spike where the eastern edge of the *present* right of way of US Highway No. 1 intersects the southern line of the 100-foot right of way of US Highway No. 74, . . ." (Italics added.) The Liles map shows that "the present right of way of US Highway No. 1" as used in said description refers to the right of way as of 1 October, 1956, prior to Project #6644. Hence, it seems appropriate that the description in the judgment be modified by substituting in lieu of the words, "the present right of way of US Highway No. 1," the words, "the right of way of US Highway No. 1 as of October 1, 1956"; and it is so ordered.

Respondents' assignment #2 is based on their exception to the court's refusal to include in the judgment signed the following provision, viz.:

"It further appearing to the court that 60 days from the 13th day of December, 1956, the date of this judgment, is a fair and reasonable time in which to pay the amount of this judgment into the office of the Clerk of the Superior Court of Richmond County, it is hereby further considered, ordered and decreed that from and after February 13th, 1957, any unpaid balance of the principal of this judgment shall draw interest at the rate of 6% per annum until paid."

In *Yancey v. Highway Com.*, 222 N.C. 106, 22 S.E. 2d 256, this Court held that a judgment against the State Highway and Public Works Commission for the amount awarded by a jury to a landowner as compensation for the taking of his property under the right of eminent domain did not bear interest; specifically, that C.S. 2309, now G.S. 24-5, had no application to a judgment against the State Highway and Public Works Commission.

While the form of assignment of error is different, respondents present essentially the same question; and, recognizing the applicability of *Yancey v. Highway Com., supra,* respondents urge that we reconsider that decision. Attention is again called to results reached in other jurisdictions. 29 C.J.S., Eminent Domain sec. 333; 18 Am. Jur., Eminent Domain sec. 272; 96 A.L.R. 150 *et seq.;* 111 A.L.R. 1304 *et seq.;* 36 A.L.R. 2d 413. It is noted that *Devin, J.,* (later *C. J.*), in his opinion in *Yancey v. Highway Com., supra,* took full notice of the fact that divergent results had been reached in other jurisdictions; and that the stated bases of decision related primarily to a construction of North Carolina statutes.

The construction then placed upon the relevant North Carolina statutes has been accepted as authoritative since 1942. If not in accord with the legislative intent, the General Assembly may provide that the landowner in such case shall receive additional compensation in the event of delay in the payment of the judgment, either in the form of interest at some specified rate or according to such other formula as may be devised to compensate the landowner for his loss, if any, on account of delay in the payment of the judgment.

It is noted that respondents' assignment of error relates solely to the refusal of the court to provide that the judgment shall draw interest *at the rate of 6% per annum* from 13 February, 1957. On authority of *Yancey v. Highway Com., supra,* the refusal of the court to incorporate in its judgment the requested provision relating to interest was correct. The assignment of error does not purport to present a constitutional question.

Petitioner's appeal: No error.
Respondents' appeal: Modified and affirmed.