STATE v. MARSHALL MILLER, RAY PENNELL, THOMAS HUMPHRIES, ERNEST MORRIS, MELVIN MORRIS.

(Filed 23 November, 1966.)

**1. Criminal Law § 139—**

The verdict of the jury upon conflicting evidence is conclusive on appeal in the absence of any prejudicial error committed during the trial.

**2. Criminal Law § 120—**

Where there is confusion in the verdict of the jury as to whether it related to one another of the lesser offenses embraced in the indictment and submitted by the court, it is proper for the court to clarify for the jury the possible verdicts and ascertain the verdict upon which all the jurors agreed, and thereupon to accept the verdict as thus ascertained.

**3. Rape § 18— Evidence of defendants' guilt of assault with intent to commit rape held sufficient to support convictions.**

In this prosecution for rape the sole controversy was whether the acts of intercourse on each occasion and with each defendant were with the consent of the prosecutrix or by force and against her will. The evidence tended to show that one defendant, in the presence of another went to the home of the prosecutrix in the middle of the night, falsely represented that his wife had been taken to a hospital and that he needed the prosecuting witness as a baby sitter, and thereby procured the consent of the mother of the prosecuting witness for the prosecuting witness to accompany him, that he thereupon took the prosecuting witness to the automobile where the three other defendants were sitting, and that they did not return her to her home until six o'clock the next morning after each had had intercourse with her. Prosecutrix testified that each act of intercourse was by force and against her will. *Held:* The evidence was sufficient to overrule defendants' motions for nonsuit in a prosecution for rape and to support conviction of each defendant of assault on a female with intent to commit rape.

APPEAL by defendants from *Braswell, J.,* April, 1966 Criminal Session, GRANVILLE Superior Court.

Each of the above named defendants was separately indicted for the rape of Ribbie Parham. Each indictment charges the offense was committed on January 23, 1966, in Granville County. Upon arraignment, each defendant entered a plea of not guilty. By the consent of all, the charges were consolidated and tried together.

In substance, the State's evidence disclosed the following: About one o'clock Sunday morning, January 23, 1965, the defendants, Ernest Morris and Ray Pennell, went to the Parham home in Granville County. Ernest Morris stated to Channie Parham, mother of Ribbie Parham, that the defendant's wife was "bad off sick," and he had to take her to the hospital. He wanted a baby sitter to stay with his children while he and his wife were away. The mother consented for Ribbie, age 17, to do the baby sitting. When the two men and Ribbie went to the defendant's automobile, Marshall Miller, Thomas Humphries, and Melvin Morris were in or near the vehicle. Ribbie testified that each of the five defendants had intercourse with her in the back seat of the automobile and that the acts were committed by force and against her will; that she begged and tried to resist, to no avail. After riding around for some time in the automobile, the defendants took her to the home of one Glascock in Stem; that Ernest Morris remained with her in the automobile while the other defendants went in the house. Shortly thereafter Ernest made her go in the house where he and each of the other defendants, again by force and against her will, had intercourse with her. All went back to the Morris automobile and rode to Oxford where Ray Pennell and Marshall Miller left. The other three defendants went to Ribbie's home and put her out about six o'clock in the morning. She went into the house in tears.

On cross-examination, Ribbie admitted she had had intercourse with Ernest Morris on one prior occasion. The State offered other testimony, including the result of Dr. Finch's physical examination.

Each of the defendants testified for the defense. Their evidence was in substantial accord with the story told by Ribbie Parham and her mother, with one exception: each defendant testified that Ribbie consented to the acts of intercourse on each occasion and with each defendant. The evidence further disclosed that the defendants had been together and had been drinking until about midnight when they decided to get one of the Parham girls to go out with them. They fabricated the sick wife story.

At the close of the State's evidence, and again at the close of all the evidence, each defendant moved for a directed verdict of not guilty and excepted to the court's refusal to allow the motion. As to each defendant, the jury returned this verdict: "Guilty of assault with intent to commit rape." Each appealed from a prison sentence of 15 years.

*T. W. Bruton, Attorney General, James F. Bullock, Assistant Attorney Attorney General for the State.*

*Watkins and Edmundson by William T. Watkins for defendant appellants.*

HIGGINS, J.  The critical issue in this case is whether the acts of intercourse (which the witness and all defendants admitted) were by force and against the will of Ribbie Parham as she testified, or with her consent as each of the defendants testified. The jury heard the witnesses and observed their demeanor, and returned verdicts "guilty of assault with intent to commit rape." The verdicts are conclusive unless the court, during the trial, committed prejudicial error.

The court instructed the jury to consider five possible verdicts: (1) rape; (2) rape with a recommendation that punishment should be imprisonment for life; (3) assault with intent to commit rape; (4) assault on a female; (5) not guilty. The jury returned a separate verdict as to each defendant. When asked the verdict as to Marshall Miller, the foreman replied: "He is guilty of assault on a female, No. 3." After clarifying statements by the court, and after the court had ascertained that all jurors had agreed, as to each defendant, the jurors stated they found each defendant "guilty of an assault with intent to commit rape." The verdict as to the defendant Miller was challenged by Assignment of Error No. 9. While at first there was some confusion, the court was careful to have the verdict ascertained, returned, and recorded as the jury had found it. That is, "guilty of assault with intent to commit rape."

The evidence required the court to instruct the jury under what findings of fact guilty verdicts could be rendered and of what offense. Likewise, the court charged that failure to find guilt beyond a reasonable doubt required a verdict of not guilty. The defendants contend the evidence was insufficient to permit a guilty verdict on any count and that the court committed error in failing to direct a general verdict of not guilty. The court gave clear and explicit instructions as to the rules of law applicable to the facts as the jury might find them to be from the evidence. The charge was correct. *State v. Carter*, 265 N.C. 626, 144 S.E. 2d 826.

The defendants' version of this episode is certainly unappealing. Ernest Morris, in the presence of Ray Pennell, fraudulently obtained the mother's consent for Ribbie Parham, age 17, to baby sit for him while he took his wife to the hospital. Instead, the two took Ribbie to the automobile where the other defendants were sitting. The five, all drinking, kept this immature girl out until six o'clock in the morning, then left her at home in tears to face her mother. This record does not disclose any reason to believe another jury would have more sympathy for such conduct. There is a chance it might have less.

No error.