STATE OF NORTH CAROLINA v. ROBERT LEE DUNBAR

— AND —

STATE OF NORTH CAROLINA v. GEORGE EDWARD PHARR, JR.

No. 7026SC146

(Filed 6 May 1970)

**1. Criminal Law § 99— court's examination of witness**

The trial judge can ask questions of a witness in order to obtain a proper understanding and clarification of the witness' testimony.

**2. Criminal Law § 169— exclusion of evidence — review**

The exclusion of evidence cannot be reviewed on appeal when the record does not disclose what the excluded evidence would have been.

**3. Criminal Law § 87— leading questions — discretion of court**

The presiding judge has wide discretion in permitting or restricting leading questions.

**4. Criminal Law § 99— remark of court to counsel — repetitious examination by counsel**

Admonition from the trial court to defense counsel, "let's don't go over the same thing over and over; once is enough," was not prejudicial where the record disclosed that the witness under examination by counsel had repeated the same testimony several times.

**5. Criminal Law § 117— scrutiny of accomplice's testimony — instructions**

Instructions to scrutinize the testimony of an alleged accomplice are not required when no request therefor has been made.

APPEAL by defendants from *Falls, J.,* 6 October 1969, Schedule "C" Criminal Session, MECKLENBURG Superior Court.

The defendants were charged in a proper bill of indictment with the felony of robbery by use of firearms. The first witness for the State, Charles C. Austin, testified in substance as follows: On 3 May 1969 he was employed as assistant manager of the Little General Store on Statesville Avenue in Charlotte. At about 11:05 p.m. on that date the defendant George Edward Pharr came to the store, pointed a sawed-off shotgun at his throat, forced him to remove some $438.00 from the cash register and place it on the counter. One Robert E. Lockhart was already in the store when Pharr arrived. Pharr told Lockhart to take the money and leave. Pharr then forced Austin to lie down on the floor and went out the door. Thinking that Pharr had gone Austin raised his head. He then saw Pharr on the outside pointing the gun at him. Pharr fired through the plate glass window. Several minutes later Austin got up and called the police.

The State then called Robert E. Lockhart who testified in substance as follows: On the date of the robbery he and Pharr were living in the house of Margaret Correlos. On 3 May 1969 Robert Lee Dunbar came to this house and honked his horn. The three left in an automobile driven by Dunbar. They discussed robbing the Little General Store. Pharr gave him a .38 caliber pistol. When they arrived at the store, Dunbar drove the automobile around the corner. Pharr told Lockhart to go inside, which he did. Pharr then came in with the shotgun and ordered Austin to give him the money from the cash register. Pharr told him to pick up the money and put it in a bag. After doing this he went outside where Dunbar was waiting in the automobile. He heard two shots. When Pharr came to the automobile, he stated that he had fired because "the man wouldn't lay down." With Dunbar driving, the three then returned to the house where Pharr and Lockhart lived. Dunbar and Pharr counted out the money, gave Lockhart $40.00 and divided the remainder.

Robert Dunbar, testifying in his own behalf, stated that he knew nothing about the robbery and that he did not see either Pharr or Lockhart on 3 May 1969. He further testified that his only conviction of a criminal offense was for carrying a concealed weapon. George Edward Pharr, testifying in his own behalf, also denied any knowledge of the robbery. He stated that he did not know Robert Lee Dunbar; that he had known Lockhart about a month but had never roomed with him. He has been convicted of forcible trespass, robbery and assault with a deadly weapon.

One Jimmy Carter testified as a witness for the defendant Pharr as follows: That he had always known defendant as "George Foxie" and that the two of them were at the Union Grill in Marshville at the time of the alleged robbery.

The jury returned verdicts of guilty as charged as to each defendant. A judgment imposing an active sentence of not less than twenty-three (23) nor more than twenty-eight (28) years was entered in the case against Dunbar. Pharr received an active sentence of not less than twenty-seven (27) nor more than thirty (30) years. Both defendants appeal.

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis and Staff Attorney Howard Satisky for the State.*

*J. C. Sedberry for defendant appellant Dunbar.*

*William G. Robinson for defendant appellant Pharr.*

VAUGHN, J.

[1]    Both of the defendants are indigent and are represented on this appeal by their court-appointed attorneys. Separate briefs have been filed on behalf of each defendant. We will first discuss the assignments of error brought forward only by defendant Pharr. Assignments of Error Nos. 2, 3, 7, 8, 9, 10 and 12 all relate to questions propounded by the court to witnesses. We have carefully examined each of these and find the assignments of error to be without merit. In each instance it is clear that the questions were designed to obtain a proper understanding of the testimony. It is well settled in this State that the trial judge can ask questions of a witness in order to obtain a proper understanding and clarification of the witness' testimony. *State v. Strickland,* 254 N.C. 658, 119 S.E. 2d 781.

[2]    On cross-examination defendant's counsel asked the witness Austin: "Now, what was the discussion you had with Mr. Painter at that time?" The court sustained the State's objection. The record does not disclose what the reply of the witness would have been; consequently, we do not know whether or not the ruling was prejudicial to the defendant, nor does the record show the purpose for which the question was propounded. The burden is on the appellant to show prejudicial error. As a general rule, the exclusion of evidence cannot be reviewed on appeal when the record does not disclose what the excluded evidence would have been, so that the court can determine whether or not its exclusion was prejudicial. *State v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342; *State v. Patton,* 2 N.C. App. 605, 163 S.E. 2d 542. Assignments of Error Nos. 4 and 5 are overruled.

[3]    The witness Lockhart testified, "I saw Mr. Pharr and Mr. Dunbar over there at the house of Margaret Correlos." The solicitor then asked the following question: "Were you there at the Correlos home and did Mr. Pharr and Mr. Dunbar come to that address or just how did you happen to get up with them?" Defendant Pharr's objection to the question on the ground that it was leading was overruled. The witness replied, "Mr. Pharr stayed there, Mr. Robert didn't." Our courts have almost invariably held that the presiding judge has wide discretion in permitting or restricting leading questions. The question and answer elicited were clearly not prejudicial to the defendant. *State v. Johnson,* 272 N.C. 239, 158 S.E. 2d 95. Assignment of Error No. 6 is overruled.

[4]    On one occasion the court told defendant's counsel, "Let's don't go over the same thing over and over. Once is enough." Assignments of Error Nos. 14 and 15 based on defendant Pharr's exception to this statement by the court are overruled. Although the

questions by defendant's counsel are not in the record, the narrative of the evidence discloses that the witness had just repeated the same testimony several times in succession. Under these circumstances the admonition from the court was clearly proper.

**[5]**    Both defendants bring forward Assignment of Error No. 25 which asserts that the court failed to comply with G.S. 1-180. Defendants contend that the court did not instruct the jury as to the weight and credibility of the testimony of the witness Lockhart. A party desiring further elaboration on a particular point, or of his contention, or a charge on a subordinate feature of the case must aptly tender his request for special instructions. 3 Strong, N.C. Index 2d, Criminal Law, § 113, p. 13. Instructions to scrutinize the testimony of an alleged accomplice are not required when, as here, no request therefor has been made. *State v. Roux,* 266 N.C. 555, 146 S.E. 2d 654. This assignment of error is overruled.

Defendant Pharr's Assignments of Error Nos. 18 and 23 and defendant Dunbar's Assignments of Error Nos. 18, 19, 20 and 21 involve alleged errors in the judge's instructions to the jury. We have carefully examined the entire charge, with particular reference to the exceptions, and find that it adequately charges the law on every material aspect of the case arising on the evidence and applies the law fairly to the facts in evidence. All assignments of error to the charge are overruled.

The defendants were ably represented by counsel. The jury, under application of settled principles of law, resolved the issues of fact against the defendants. In the entire trial we find no prejudicial error.

No error.

MALLARD, C.J., and MORRIS, J., concur.