STATE OF NORTH CAROLINA v. CLAUDE FRANK MOFFITT

No. 7118SC200

(Filed 26 May 1971)

1. Criminal Law § 91— denial of continuance — change in defense counsel day before trial

Trial court did not err in the denial of defendant's motion for continuance made on the ground that the public defender who was first assigned as defense counsel was involved in another court trial and was unable to represent defendant on the day his case was calendared for trial, where another attorney from the public defender's staff assumed responsibility for the case on the day before it was tried, the attorney adequately represented defendant in his trial and appeal, and the attorney had opportunity to confer with defendant before trial and conferred with the public defender who made available to him the results of the prior investigation and preparation.

2. Criminal Law § 91— motion for continuance

A motion for continuance is addressed to the sound discretion of the trial judge, and his ruling thereon is not reviewable in the absence of an abuse of discretion.

3. Constitutional Law § 30— speedy trial — six months between arrest and trial

Delay of six months between defendant's arrest and trial, during a portion of which time defendant was confined in jail in another county awaiting trial on other charges, was not so unreasonable as to create a reasonable possibility of prejudice, and was not deliberately and unnecessarily occasioned by the State.

4. Forgery § 2— indictment — instrument capable of effecting fraud

Indictment for forgery and uttering which alleges that the forged instrument was a bank check and sets out its contents in full sufficiently shows the nature of the instrument and that it was capable of effecting a fraud.

5. Criminal Law § 66— out-of-court identification — necessity for voir dire

When a defendant objects to evidence of an out-of-court photographic or corporal identification, a *voir dire* should be conducted and all relevant facts should be elicited and all factual questions determined.

6. Criminal Law § 66— photographic identification

Photographic identification procedure was not impermissibly suggestive where witness selected defendant's photograph from an album containing at least 50 photographs.

7. Criminal Law § 66— photographic identification — voir dire — failure to make findings

Defendant was not prejudiced by failure of the trial court on *voir dire* to make findings, conclusions, and a record determination

on the question of whether the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification, where the evidence presented on *voir dire* was uncontradicted and in no way points to a possibly illegal procedure, the court's ruling that evidence of the photographic identification was competent being tantamount in this case to a finding that the identification procedure was legal.

APPEAL by defendant from *Crissman, Judge,* 30 October 1970 Session of Superior Court held in GUILFORD County.

Defendant was tried and convicted under a bill of indictment charging him with forgery and with uttering a forged instrument. Judgment was entered imposing active consecutive prison sentences of five years and defendant appealed.

*Attorney General Morgan by Trial Attorney Cole for the State.*

*Wallace C. Harrelson, Public Defender, Eighteenth Judicial District by R. D. Douglas III for defendant appellant.*

GRAHAM, Judge.

Defendant assigns as error the court's refusal to grant his motion for a continuance and also the court's refusal to allow his motion to quash the bill of indictment on the ground he was not afforded his constitutional right to a speedy trial. These assignments of error are overruled.

[1] Defendant's motion for a continuance was grounded upon the fact the public defender who was first assigned as defense counsel was involved in another court trial and unable to represent defendant on the day this case was calendared for trial. It affirmatively appears, however, that another attorney from the public defender's staff assumed responsibility for this case on the day before it was tried, and that he adequately represented defendant throughout the trial and on this appeal. Counsel admits that he had opportunity to confer with defendant before trial, and that he also conferred with the public defender who made available to him the results of the prior investigation and preparation. Counsel is unable to point out any specific manner in which a continuance would have aided him in the presentation of defendant's defense.

[2] A motion for a continuance is addressed to the sound discretion of the trial judge, and his ruling thereon is not review-

able in the absence of an abuse of discretion. *State v. Stinson,* 267 N.C. 661, 148 S.E. 2d 593. No abuse of discretion has been shown.

[3] Approximately six months elapsed between defendant's arrest and his trial. The record suggests that during a portion of this time defendant was confined in jail in another county awaiting trial on other charges. Suffice to say defendant has failed to show that the delay of six months was so unreasonable as to create a  reasonable possibility of prejudice, or that the delay was deliberately and unnecessarily occasioned by the State. See *State v. Johnson,* 275 N.C. 264, 167 S.E. 2d 274.

[4] Defendant attacks the sufficiency of the indictment, contending that it fails to allege that the instrument was apparently capable of effecting a fraud. The indictment alleges that the instrument was a bank check and sets out its contents in full. This sufficiently shows the nature of the instrument and that it was capable of effecting a fraud.

Finally, defendant contends that the court erred in permitting testimony relating to an out-of-court photographic identification. We find no objection in the record to the in-court identification of defendant by the same witness who testified that he had made an out-of-court photographic identification. Thus no question is presented on this appeal as to whether the in-court identification was tainted by an unlawful out-of-court photographic identification. The question raised is simply whether the evidence of the out-of-court photographic identification was properly admitted into evidence over objection.

[5] When a defendant objects to evidence of an out-of-court photographic or corporal identification, a *voir dire* should be conducted and all relevant facts should be elicited and all factual questions determined. *State v. Accor* and *State v. Moore,* 277 N.C. 65, 175 S.E. 2d 583.

[6] Here, the court conducted a *voir dire* hearing for the purpose of eliciting the relevant facts surrounding the identification procedure. Defendant did not testify or offer evidence. The evidence offered by the State was uncontradicted and tended to show that the witness selected defendant's photograph from at least fifty photographs contained in an album. There is nothing in the *voir dire* evidence which in any way suggests that the "photographic identification procedure" was "so impermissibly

suggestive as to give rise to a very substantial likelihood of misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 19 L. Ed. 2d 1247, 1253, 88 S. Ct. 967, 971.

Defendant complains that the court, after hearing the evidence on *voir dire,* failed to make specific findings and conclusions.

Before evidence of an out-of-court identification is received over objection, the trial court has the duty to: (1) conduct a *voir dire* hearing for the purpose of eliciting all relevant facts surrounding the identification procedure, (2) evaluate the evidence presented on *voir dire* and make a determination of the crucial questions involved. *State v. Moore, supra; State v. Jacobs,* 277 N.C. 151, 176 S.E. 2d 744. Where the facts are in dispute this will necessarily involve factual findings and conclusions of law.

[7] We agree that the trial judge would have been well advised to make findings, conclusions and a record determination on the question of whether the photographic identification procedure in this case was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification. However, since the evidence presented on *voir dire* was uncontradicted and in no way points to a possibly illegal procedure, we fail to see where defendant has been prejudiced.

In *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741, we find: "While it is better practice for a judge on *voir dire* to make finding of fact and enter it in the record, a failure to do so is not fatal." In that case it was held that the ruling that the evidence in question was competent was of necessity bottomed on the finding that the search in question was legal. See also *State v. Litteral,* 227 N.C. 527, 43 S.E. 2d 84.

It is our opinion, and we so hold, that under the circumstances of this case the court's ruling that the evidence in question was competent was tantamount to a finding that the photographic identification procedure was legal.

No error.

Judges CAMPBELL and BRITT concur.