STATE OF NORTH CAROLINA v. JAMES ODELL McLAMB

No. 7210SC50

(Filed 29 March 1972)

1. **Criminal Law § 122— instructions during jury's deliberations**

    The trial court, in inquiring about the jury's progress during its deliberations, sufficiently instructed the jury that no juror should depart from any conscientious belief as to what the true facts might be in order to reach a verdict.

2. **Criminal Law § 126— polling the jury — questions by trial judge**

    Where the record discloses that the first juror polled did not understand the question put to her by the clerk, the trial court did not err in questioning the juror to determine if the verdict returned by the foreman was her verdict and if she still assented thereto.

3. **Criminal Law § 66— in-court identification — pretrial photographic identification — failure to hold voir dire**

    In this prosecution for common law robbery, the trial court did not commit prejudicial error in failing to conduct a voir dire examination of the prosecuting witness to determine whether his in-court identification of defendant was tainted by an out-of-court photographic identification, where the record shows that the in-court identification was of independent origin from the photographic identification, the witness having observed defendant from a distance of six to eight feet immediately after a moneybag was taken from him and, upon pursuit, having observed defendant's right and left facial profiles.

4. **Criminal Law § 87— photographic identification — leading question**

    Where a robbery victim had testified that he picked defendant's picture out of a group of photographs shown to him by a policeman, the trial court did not abuse its discretion in allowing the solicitor to ask a leading question as to whether the policeman had at any time suggested the picture which he should pick.

5. **Criminal Law §§ 66, 99— court's question to prosecuting witness — expression of opinion**

    The trial court did not express an opinion in asking the prosecuting witness, "What do you mean when you say you picked out this one picture," the question being asked merely to clarify the witness' testimony.

**6. Criminal Law § 105— motion for nonsuit after State's evidence — waiver by introducing evidence**

When a defendant offers evidence after his motion for judgment of nonsuit is overruled, he thereby waives his right to urge that denial as error on appeal. G.S. 15-173.

Judge BROCK concurs in the result.

APPEAL by defendant from *Godwin, Judge,* 31 May 1971 Session of Superior Court held in WAKE County.

The defendant, James Odell McLamb, was charged in a bill of indictment, proper in form, with the felonious larceny of $1,567.00 from O. S. McCauley on 30 May 1970. Upon the defendant's plea of not guilty, the State offered evidence tending to show that about 5:30 p.m., on 30 May 1970, O. S. McCauley locked approximately $1,576.00, the receipts from his dry cleaning business, in a moneybag and went to the Fidelity Bank at the corner of Main and Raleigh Streets in the Town of Fuquay-Varina, North Carolina, to make a deposit. While Mr. McCauley was preparing to put the money in a night depository, someone pushed him from behind, grabbed the moneybag and ran. When McCauley turned around he saw the defendant six to eight feet away with the moneybag, running down the street. He chased the defendant down Main Street to where he turned into an alley. He pursued the defendant into the alley until he gave out of breath. McCauley talked to Chief of Police Young and described the person who had taken the moneybag and whom he had chased down the street.

On 19 June 1971, Chief Young took four photographs to McCauley's place of business and asked him if he recognized the person who had taken the money. From these photographs, McCauley picked out the defendant's picture.

The defendant testified and offered evidence that he was in Washington, D. C., from 16 May 1970 until about 6 June 1970.

The jury found the defendant guilty of felonious larceny, and from a judgment of imprisonment of ten years, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Bailey, Dixon, Wooten & McDonald by Wright T. Dixon, Jr., for defendant appellant.*

HEDRICK, Judge.

[1]  The defendant argues that the court erred "in continuing to call the jury in for report on its progress without instructing that they were not to depart from any conscientious belief as to what the true facts might be." This contention is without merit. The record reveals the jury reported to the court on four occasions during its deliberations which covered a period of time in excess of four hours and twenty-four minutes. Three of these occasions related to whether the court would recess for the day. The fourth occasion related to the progress the jury was making in its deliberations. We have examined and find that all of the instructions given to the jury during its deliberations were in the form which has been many times approved by the appellate courts of this State. *State v. McKissick,* 268 N.C. 411, 150 S.E. 2d 767 (1966) ; *State v. Fuller,* 2 N.C. App. 204, 162 S.E. 2d 517 (1968).

[2]  The defendant's 26th and 27th exceptions relate to the polling of the jury. The record discloses that the first juror polled did not understand the question put to her by the clerk. Upon inquiry by the court as to whether she fully understood the question and whether she had, in fact, agreed to the verdict as reported by the foreman, the juror stated that she did agree to the verdict and that she still assented thereto.

> " . . . The polling of the jury is for one purpose only, to ascertain whether the verdict as returned is the verdict of each juror and whether he then assents thereto." *Highway Commission v. Privett,* 246 N.C. 501, 99 S.E. 2d 61 (1957).

We hold the court did not commit prejudicial error in questioning the juror to determine if the verdict returned by the foreman was her verdict and if she still assented thereto. *State v. Miller,* 268 N.C. 532, 151 S.E. 2d 47 (1966) ; *Trantham v. Furniture Co.,* 194 N.C. 615, 140 S.E. 300 (1927).

[3]  The defendant next contends the court erred in refusing to allow a *voir dire* examination prior to the testimony of an

eyewitness to the crime charged. After the witness McCauley had described the events leading up to, during, and immediately after the moneybag had been grabbed from him at the bank, the solicitor asked the following question: "State whether or not the person that you observed that grabbed the bag is in the court today." Over defendant's objection and after the judge had been informed at the bench that "identification was made from pictures," the witness was allowed to identify the defendant as the person who grabbed the bag and ran down the street.

In his brief, the defendant asserts "that the objection raised puts the case squarely under the holding of *State v. Moffitt,* 11 N.C. App. 337, 181 S.E. 2d 184." We do not agree. In *Moffitt* the court was concerned with the necessity of a *voir dire* examination before admitting into evidence out-of-court photographic identification. The exception here presents the question of whether the court committed prejudicial error by not conducting a *voir dire* examination of the witness *ex mero motu* to determine whether his in-court identification of the defendant was of independent origin and not tainted by the out-of-court photographic identification.

In *State v. Banner,* 279 N.C. 595, 184 S.E. 2d 257 (1971), Justice Higgins, writing for the Court, said:

" * * * Both federal and state cases hold evidence of a prior identification will not invalidate the in-court identification unless the former was fundamentally unfair. The totality of the circumstances surrounding the prior identification will determine its admissibility at the trial. To remove the likelihood of a false identification is the purpose of the exclusionary rule. If the in-court identification is of independent origin, a prior confrontation of a suspect in the custody of the officers will not warrant excluding the identifying testimony. *Foster v. California,* 394 U.S. 440, 22 L.Ed. 2d 402; *State v. Austin,* 276 N.C. 391, 172 S.E. 2d 507, and cases therein cited."

At the trial the defendant did not object to the evidence of the out-of-court photographic identification. He does not contend that the photographic identification procedure was fundamentally unfair, or that it tended in any way to taint the in-court identification.

In *United States v. Wade,* 388 U.S. 218, 18 L.Ed. 2d 1149, 87 S.Ct. 1926, the United States Supreme Court said:

"Where, as here, the admissibility of evidence of the lineup identification itself is not involved, a *per se* rule of exclusion of courtroom identification would be unjustified. * * *

"We think it follows that the proper test to be applied in these situations is that quoted in *Wong Sun v. United States,* 371 U.S. 471, 488, 9 L.Ed. 2d 441, 455, 83 S.Ct. 407, ' "[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Maguire, Evidence of Guilt 221 (1959).' * * * Application of this test in the present context requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. * * *

"On the record now before us we cannot make the determination whether the in-court identifications had an independent origin. * * * We therefore think the appropriate procedure to be followed is to vacate the conviction pending a hearing to determine whether the in-court identifications had an independent source, or whether, in any event, the introduction of the evidence was harmless error, *Chapman v. California,* 386 U.S. 18, 17 L.Ed. 2d 705, 87 S.Ct. 824, and for the District Court to reinstate the conviction or order a new trial, as may be proper."

On the record before us, we can make a determination that the in-court identification did have an independent origin. McCauley had ample opportunity to observe this defendant from a distance of six to eight feet immediately after the money-bag had been taken from him at the bank, and, upon pursuit, to see first his right and then his left facial profile. The witness' in-court identification of this defendant was positive. It had

an origin independent of and prior to his observation of the photos at his place of business. *State v. Williams,* 279 N.C. 515, 184 S.E. 2d 282 (1971). This assignment of error is overruled.

The defendant contends the court committed prejudicial error in its instructions to the jury. We have carefully considered all the exceptions embraced in this assignment of error and conclude that the court fairly, adequately and correctly declared and explained the law arising on the evidence in the case, in accordance with the requirements of G.S. 1-180.

[4]   The defendant contends the court erred in overruling his objection to the following question:

"Q. Did Chief Young at any time suggest which picture you should pick out?

A. No, sir."

When the question complained of was asked, the witness had already testified, without objection, in considerable detail, about having picked the defendant's picture out of a group of photographs shown to him at his place of business by Chief Young three weeks after the crime. Although the question may be leading, under the circumstances of this case we do not think the court abused its discretion in overruling the objection. 2 Strong, N. C. Index 2d, Criminal Law, § 87. This assignment of error is overruled.

[5]   The defendant insists the judge expressed an opinion on the evidence, in violation of the provisions of G.S. 1-180, when he asked the witness McCauley the following question: "What do you mean when you say you picked out this one picture." Immediately before the court asked the question complained of, the witness had testified: "He showed me 4 or 5 pictures. I don't know there was that many of them and I picked out this one picture."

It is well settled in this State that the court can ask questions of the witness for the purpose of clarifying his testimony. *State v. Dunbar,* 8 N.C. App. 17, 173 S.E. 2d 543 (1970). Obviously, the question asked here was for the purpose of clarifying the witness' testimony and in no way amounted to an expression of an opinion.

[6]   The defendant's final assignment of error challenges the ruling of the trial court denying the motion for judgment as

---

of nonsuit made at the close of the State's evidence. When a defendant offers evidence after his motion for judgment as of nonsuit is overruled, he thereby waives all right to urge that denial as error upon appeal. G.S. 15-173; *State v. Prince,* 270 N.C. 769, 154 S.E. 2d 897 (1967); *State v. Fikes,* 270 N.C. 780, 155 S.E. 2d 277 (1967); *State v. Howell,* 261 N.C. 657, 135 S.E. 2d 625 (1964); *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971). Nevertheless, we have examined all of the evidence and conclude that it was sufficient to require the submission of the case to the jury.

We have carefully examined all the defendant's assignments of error and conclude the defendant had a fair trial free from prejudicial error.

No error.

Judge VAUGHN concurs.

Judge BROCK concurs in the result.