STATE OF NORTH CAROLINA v. RANDOLPH LANDIS BRIGGS

No. 7328SC566

(Filed 28 November 1973)

**1. Jury § 6— improper examination of prospective jurors**

    The trial court properly refused to allow defendant to ask prospective jurors if they would be able to return a verdict of not guilty if they thought defendant was probably guilty.

**2. Constitutional Law § 32; Criminal Law § 66— photographic identification — no right to counsel**

    A suspect has no constitutional right to the presence of counsel when eyewitnesses are viewing photographs for the purpose of identification regardless of whether he is at liberty or in custody at the time.

**3. Criminal Law § 66— in-court identification — necessity for voir dire**

    The trial court did not err in failing immediately to hold a *voir dire* regarding identification of defendant upon testimony that a witness saw defendant on a certain date where defendant interposed no timely objection and did not request a *voir dire* and where the court on its own motion held a *voir dire* when the witness began testifying about the means of identifying defendant; furthermore, defendant would not have been prejudiced if a *voir dire* had not been held since the record shows that a pretrial photographic identification was not impermissibly suggestive and that the witness's in-court identification had an independent origin based upon the witness's observation of defendant when he tried to use a stolen credit card.

APPEAL by defendant from *Martin (Harry C.), Judge,* 19 February 1973 Session of BUNCOMBE Superior Court.

The defendant was charged pursuant to G.S. 14-113.9 (a) (1) with credit card theft, allegedly taking and withholding a Master Charge card from the possession of Edward S. Prince. The jury returned a verdict of guilty and judgment was entered sentencing the defendant to a term of not less than two nor more than three years. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Myron C. Banks for the State.*

*Ervin L. Ball, Jr., for defendant appellant.*

CAMPBELL, Judge.

[1] The defendant contends that the trial court erred in refusing to allow defendant on examination of prospective jurors to ask if they would be able to return a verdict of not guilty if

they thought the defendant was probably guilty. This issue is controlled by *State v. Bryant,* 282 N.C. 92, 191 S.E. 2d 745 (1972), and warrants no further discussion.

Defendant also contends that it was improper for the police to show the prosecuting witness photographs of possible suspects, from which he identified the defendant without the presence of defendant's counsel.

[2]   It has already been decided that "[a] suspect has no constitutional right to the presence of counsel when eyewitnesses are viewing photographs for purposes of identification, and this is true regardless of whether he is at liberty or in custody at the time. . . . Such pretrial identification procedure is not a critical stage of the proceeding. . . ." *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844 (1972) ; *State v. Accor* and *State v. Moore,* 277 N.C. 65, 175 S.E. 2d 583 (1970).

[3]   Defendant also contends that it was error for the trial court not to immediately hold a voir dire inquiry regarding identification of the defendant upon the first testimony about such. This contention has no merit.

It is required that "[w]hen the State offers a witness whose testimony tends to identify the defendant as the person who committed the crime charged in the indictment, and the defendant interposes timely objection and requests a *voir dire* . . . such *voir dire* should be conducted in the absence of the jury and the competency of the evidence evaluated. . . ." *State v. Accor, supra.*

Here the State asked, "Will you state whether or not you saw the defendant, Briggs, on that day?" to which the witness replied, "Yes, sir, I did." No objection was made until after the answer was given, and no motion to strike was made. The defendant neither made a *timely* objection nor did he request a voir dire, both being conditions imposed by *Accor, supra.*

However, when the witness began to testify about the means of identifying the defendant, the court, on its own motion, held a voir dire inquiry in the absence of the jury, thus satisfying Accor in every respect.

Here, even if no voir dire had been held, no prejudicial error would have appeared since the record clearly shows that the pretrial photographic identification was not impermissibly sug-

gestive and that the in-court identification had an independent origin based upon the witness's fifteen minute observation of the defendant at the First Union National Bank while the defendant was attempting to get this witness to approve a cash advance on the Master Charge card. *State v. Stepney, supra; State v. McLamb,* 13 N.C. App. 705, 187 S.E. 2d 458 (1972), *cert. denied,* 281 N.C. 316, 188 S.E. 2d 899 (1972).

We have reviewed defendant's other assignments of error and find them without merit.

No error.

Chief Judge BROCK and Judge BRITT concur.