STATE OF NORTH CAROLINA v. DAVID LAMONT VINSON

No. 768SC408

(Filed 3 November 1976)

1. Constitutional Law § 31— identity of unnamed informant — disclosure not required

In a prosecution for felonious possession of heroin with intent to sell, the trial court did not err in denying defendant's motion for disclosure of the identity of an unnamed informant who introduced defendant and an SBI agent where the record revealed that defendant was acquainted with the unidentified informant prior to the sale to the SBI agent, the informant was not present when the transfer occurred, and the evidence which was used to convict defendant did not rely on facts provided by the informer; in short, the unnamed individual was not a "participant" in the crime within the meaning of *McLawhorn v. State of N. C.*, 484 F. 2d 1 and *Roviaro v. U. S.*, 353 U.S. 53.

2. Criminal Law § 126— confusion as to verdict — questioning jurors by judge — no error

Where there is confusion in the verdict of the jury, it is proper for the court to clarify and ascertain the verdict upon which all jurors agreed by questioning the jurors.

APPEAL by defendant from *Small, Judge.* Judgment entered 30 January 1976 in Superior Court, WAYNE County. Heard in the Court of Appeals 22 September 1976.

Defendant was indicted for the felonious possession of heroin, a Schedule I controlled substance, with the intent to sell and deliver in violation of G.S. 90-95(a)(1). The jury found defendant guilty, and he was sentenced to imprisonment for a term of five years.

At trial, the State's first witness was Frank Branch. He testified that he had been employed as an undercover agent for the State Bureau of Investigation in 1974. On 11 December 1974, he was working in this capacity in Wayne County where the alleged sale involving defendant took place. At approximately 7:00 p.m., Branch drove to Goldsboro where he met an unnamed male at a prearranged destination. The two men then proceeded to the Chestnut Manor Housing Development in Goldsboro where Branch first saw defendant. Branch was sitting in the front seat of the vehicle when defendant entered the car and got into the back seat. The unnamed male introduced defendant and Branch to each other, and they dis-

cussed the purchase of heroin. Defendant informed Branch that he could supply the heroin, whereupon the three proceeded to the Ravenwood Apartments, also in Goldsboro. When they arrived at Ravenwood, both defendant and the unnamed male got out of the car. Defendant entered the apartment complex where he remained for a short time, and the unnamed male went behind the vehicle and out of Branch's sight. In approximately 15 minutes, defendant returned to the car, opened the door, and handed Branch an aluminum foil package, and Branch gave defendant $300 in U. S. currency. After giving Branch the foil package, defendant again got into the rear seat. Throughout the entire transaction, the unnamed male was at such a distance as to be unable to see anything which transpired in the vehicle. After defendant re-entered the car, so did the unnamed male. The three men returned to the Chestnut Manor Housing Development where defendant got out of the car. Branch then proceeded to Kinston where he met S.B.I. Agent William H. Thompson. Branch placed the aluminum foil package in a marked envelope which he gave to Agent Thompson.

The State also offered the evidence of Ralph Cottrell, a former forensic chemist for the S.B.I. who testified that he had analyzed the substance in the foil package sent in by Branch and found it to contain 64.1% heroin. Agent Thompson also testified to corroborate Branch's account of the alleged sale of 11 December 1974.

Other relevant facts are set out in the opinion below.

*Attorney General Edmisten, by Special Deputy Attorney General Robert P. Gruber, for the State.*

*Louis Jordan for defendant appellee.*

MORRIS, Judge.

**[1]** At the close of State's evidence, defendant moved for the disclosure of the identity of the unnamed male who introduced defendant and Agent Branch. After receiving arguments the trial court denied the motion. In his first assignment of error, defendant claims this denial constituted prejudicial error and cites as authority for this position the cases of *Roviaro v. U. S.,* 353 U.S. 53, 1 L.Ed. 2d 639, 77 S.Ct. 623 (1957), and *McLawhorn v. State of North Carolina,* 484 F. 2d 1 (4th Cir. 1973).

In *Roviaro, supra,* the defendant was indicted on two counts of violating the Narcotic Drugs Import & Export Act by (1) having sold heroin to one "John Doe," and (2) transporting heroin knowing it to be unlawfully imported. The indictments arose out of a transaction between defendant and "John Doe" in which defendant rode with Doe to a spot in Chicago, got out of the car, went to a nearby tree, picked up a package containing heroin, and deposited it in the front seat of Doe's car. At trial, Roviaro moved for disclosure of John Doe's identity. The trial judge denied the motion, and the Seventh Circuit Court of Appeals affirmed the conviction. The Supreme Court reversed, holding that the failure of the lower court to order disclosure of John Doe's identity constituted prejudicial error. However, the Court stated:

> "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors." 353 U.S. at 62.

In *McLawhorn v. State of North Carolina, supra,* an unidentified informant arranged a sale of cocaine between defendant and an undercover police officer. The informant remained present at all times throughout the transaction and did in fact join the police officer as one of the purchasers of the drug. Defendant sought unsuccessfully to have the informant's identity revealed at trial. The Fourth Circuit Court of Appeals reversed the conviction after reviewing the case law, including *Roviaro,* stating:

> " . . . It is important to determine those who have been treated by the courts as tipsters as distinguished from those labeled as 'participants'. In determining whether invocation of the privilege of nondisclosure is to be sustained a distinction has frequently been made based on the nature of the informant's activities, that is, whether the informant is an active participant in the offense or is a mere tipster who supplies a lead to law enforcement officers to be pursued in their investigation of crime. Ap-

plying this distinction, *disclosure of the informant's identity is required where the informant is an actual participant, particularly where he helps set up the criminal occurrence.*" 484 F. 2d at 5. (Emphasis supplied.)

In the present case, Agent Branch and the unidentified male drove to the Chestnut Manor area in Goldsboro. There they parked the car, and defendant entered the vehicle and got into the back seat. The informer introduced Branch and defendant who conversed about defendant's selling drugs to Branch. The three proceeded in Branch's car to the Ravenwood Apartments where both defendant and the informant got out of the car. While defendant entered an apartment to get the drugs, the informant stayed 20 to 30 yards behind the rear of the car. Defendant returned to the car, handed Branch the foil package and collected $300 as payment. Throughout the entire sales transaction, the informant was so removed as to be unable to see or hear anything which transpired between defendant and Branch. Only when the sale was completed did defendant return to the car. Thus, while the informant introduced defendant to Branch and was present while arrangements were made for the sale of the heroin, the informant's activity did not include participation in the sale which formed the basis of defendant's indictment.

We find the case of *State v. Cameron,* 283 N.C. 191, 195 S.E. 2d 481 (1973), to be particularly analogous to the present case. There, a policeman and an unnamed individual went to the residence of the defendant where the officer asked defendant if he had any heroin for sale. The defendant answered that he did have some heroin and left the room. Upon defendant's return, the heroin was exchanged for money. During the time the money and drugs were being exchanged, the unnamed individual who accompanied the policeman to defendant's residence was not present in the room. Our Supreme Court held that it was not error for the trial judge to deny defendant's motion for disclosure of the informer's identity. Moore, Judge, writing for the Court said:

> "In the present case, defendant made no defense on the merits. The evidence which established the guilt of the defendant was independent and did not rely on any facts provided by the informer. Furthermore, the trial court found as a fact on evidence offered on *voir dire* that, in the opinion of Officer Conant, defendant and the person with the offi-

cer were acquainted. Based on this finding and the further finding that the unknown person was not present at the time of the actual sale of the heroin, the court concluded that the name of this person was not necessary to the defense of defendant's case. We hold that the trial judge properly denied defendant's motion to disclose the identity of the informer." 283 N.C. at 194.

The record reveals that here, as in *Cameron*, defendant was acquainted with the unidentified informant prior to the sale to Agent Branch and that the informant was not present when the transfer occurred. Furthermore, the evidence which was used to convict defendant did not, as in *Cameron*, rely on facts provided by the informer. In short, the unnamed individual was not a "participant" in the crime within the scope of *McLawhorn* and *Roviaro*. Accordingly, we find no error in the trial judge's denial of defendant's motion to discover the informant's identity. This assignment of error is overruled.

Defendant's remaining assignments of error relate to the polling of the jury after they returned their verdict. The record reveals that one juror did not understand the question which the clerk asked her, whereupon the trial judge made inquiries to determine whether she had agreed with the verdict and still assented to it. After questioning by the judge, the juror stated her agreement with the verdict and her continuing assent thereto. Defendant then moved for a mistrial, to set aside the verdict and for a new trial. Defendant excepts to the judge's questions to the juror and to the denial of the post-verdict motions.

[2] " . . . The polling of the jury is for one purpose only, to ascertain whether the verdict as returned is the verdict of each juror and whether he then assents thereto." *Highway Commission v. Privett*, 246 N.C. 501, 507, 99 S.E. 2d 61 (1957). Where there is confusion in the verdict of the jury, it is proper for the court to clarify and ascertain the verdict upon which all jurors agreed. See *State v. Miller*, 268 N.C. 532, 151 S.E. 2d 47 (1966); *State v. McLamb*, 13 N.C. App. 705, 187 S.E. 2d 458 (1972), 3 Strong, N. C. Index 2d, Criminal Law, § 126, p. 40. We hold that the trial judge did not commit prejudicial error in its questions to the juror and by denying defendant's motions.

No error.

Judges HEDRICK and ARNOLD concur.