BOARD OF TRANSPORTATION v. JASPER C. CHEWNING AND WIFE, HAZEL
ELIZABETH CHEWNING

No. 8020SC599

(Filed 17 February 1981)

Eminent Domain §§ 6.5, 6.9— value of property taken — cross-examination of
witness improper

    In a condemnation proceeding in which the sole issue at trial was the amount
due defendants as compensation for the taking of their real property by plaintiff,
the trial court erred in permitting plaintiff to cross-examine defendants' value
witness concerning his purchase of property in the vicinity several years before,
since there was no showing that the property purchased by the witness was in any
way comparable to defendants' property, and there was thus no foundation for
use of the witness's statement of its sales price as competent circumstantial
evidence of the value of defendants' land; moreover, defendants were prejudiced
where the trial court did not instruct the jury that they should not consider the
testimony of the value witness as substantive evidence or that they should con-
sider it only insofar as it tended to reflect upon the witness's credibility or
knowledge of property values in the area.

APPEAL by defendants from *Seay, Judge.* Judgment entered
31 January 1980 in Superior Court, ANSON County. Heard in the
Court of Appeals 13 January 1981.

This is a condemnation proceeding in which the sole issue at
trial was the amount due the defendants as compensation for the
taking of their real property by the Department of Transportation,
pursuant to the provisions of Chapter 136 of the General Statutes.
The complaint, declaration of taking and notice of deposit were
filed 3 May 1976.

The pleadings and evidence showed the following: Defendants
were the owners of a 2.85-acre parcel of real property, having a
370-foot frontage on U.S. Highway #74 in Anson County. Situated
on the land was a one-story frame building containing a residential
area and a grocery store. A large parking lot was located in front of
the building. The Board of Transportation condemned 1.85 acres of

defendants' 2.85-acre tract, including the parking lot, residence and business, for use in the construction of State Highway Project 8.1609701 in Anson County.

Defendants offered opinion testimony of the fair market value of their property ranging from $85,000 to $125,000. Plaintiff's evidence as to fair market value varied from $29,450 to $31,775.

Defendants appeal from a jury verdict of $38,100.00, assigning error.

*Attorney General Edmisten by Assistant Attorney General Charles M. Hensey and Associate Attorney Evelyn M. Coman, for the plaintiff-appellee.*

*Taylor and Bower by H. P. Taylor, Jr., for the defendants-appellants.*

MARTIN (Robert M.), Judge.

Defendants present six assignments of error for review on this appeal, based on twenty-eight exceptions in the record. In determining the outcome of this appeal, however, we need only address one of these exceptions, which involves prejudicial error entitling defendants to a new trial.

During the presentation of their case, defendants called J. B. Watson to testify as to his opinion of the fair market value of the tract in question. Mr. Watson testified that he was a certified public accountant and that he had been a party to approximately forty different real estate transactions in Anson County. Mr. Watson also testified that he was familiar with real estate values in Anson County and with the property in question. He testified that in his opinion, the fair market value of the 1.85-acre tract in question was $100,000.

On cross-examination, Mr. Watson testified that he had purchased approximately three-fourths of an acre of property "out there" in 1974. Mr. Watson did not know how much road frontage the property had on U.S. Highway #74. He was then asked "[w]hat did you pay for it?" After the court overruled defendants' objection to this question, Mr. Watson replied, "[s]eventy-five hundred."

As there was no showing that the property referred to in the testimony summarized above was in any way comparable to defend-

ants' property, there was no foundation for the use of the witness's statement of its sales price as competent circumstantial evidence of the value of defendants' land. *Power Co. v. Winebarger*, 300 N.C. 57, 265 S.E. 2d 227 (1980). Plaintiff contends nevertheless that the question was proper on cross-examination for the purpose of impeaching the witness and probing his knowledge of land values in the area. We disagree.

When a witness testifies as to the fair market value of a tract in question, that witness's knowledge, or lack of it, of the values and sales prices of noncomparable properties in the area may be relevant to his credibility and may be explored on cross-examination. *Power Co. v. Winebarger, supra; State v. Johnson*, 282 N.C. 1, 191 S.E. 2d 641 (1972); *Templeton v. Highway Commission*, 254 N.C. 337, 118 S.E. 2d 918 (1961); *Barnes v. Highway Commission*, 250 N.C. 378, 109 S.E. 2d 219 (1959); *Highway Commission v. Privett*, 246 N.C. 501, 99 S.E. 2d 61 (1957). Justice Exum, speaking for our Supreme Court in *Power Co. v. Winebarger, supra*, examined prior North Carolina case law and carefully delineated the permissible scope of such cross-examination.

> The impeachment purpose of the cross-examination is satisfied when the witness responds to a question probing the scope of his knowledge. Any further inquiry which states or seeks to elicit the specific values of property dissimilar to the parcel subject to the suit is at best mere surplusage. At worst it represents an attempt by the cross-examiner to convey to the jury information which should be excluded from their consideration.

300 N.C. at 64-65, 265 S.E. 2d at 232.

> [W]here a particular property is markedly dissimilar to the property at issue, the sales price of the former may not be introduced or alluded to in any manner which suggests to the jury that it has a bearing on the estimation of the value of the latter.
>
> . . .
>
> [I]t is improper for the cross-examiner to refer to specific values or prices of noncomparable properties in his questions to the witness. . . . If . . . the witness asserts his knowledge on cross-examination of a particular value or

sales price of noncomparable property, he may be asked to state that value or price only when the trial judge determines in his discretion that the impeachment value of a specific answer outweighs the possibility of confusing the jury with collateral issues. In such a rare case, however, the cross-examiner must be prepared to take the witness' answer as given.

300 N.C. at 66, 265 S.E. 2d at 232-233.

In *Winebarger* the Supreme Court held that the trial court erred in repeatedly allowing witnesses to testify on cross-examination to values and sales prices of noncomparable properties although the trial court instructed the jury to consider such testimony only insofar as it bore upon the witnesses' knowledge of values. While we recognize that the present case involves only one instance of such improper testimony, we believe that this constituted prejudicial error to defendants which entitles them to a new trial. It appears that the plaintiff desired only to get the $7,500 figure before the jury to induce thereby a conservative award. Its admission may well have influenced the adequacy of the jury's verdict, especially in light of the absence of any limiting instruction to the jury. No instructions were given to the jury in the present case that they should not consider the testimony in question as substantive evidence or that they should consider it only insofar as it tended to reflect upon the witness's credibility or knowledge of property values in the area. In addition, defendants offered the testimony of four value witnesses other than the landowner. The testimony as to value of one of these witnesses was stricken by the court and the testimony of Mr. Watson was made less effective by the improper cross-examination discussed above.

Defendants are entitled to a new trial for failure of the trial judge to confine the nature and scope of the cross-examination of Mr. Watson to matters relevant to its limited impeachment purposes. We do not discuss those assignments of error directed to other rulings of the court in admission or exclusion of evidence as these are not likely to occur at another trial.

New trial.

Judges HEDRICK and CLARK concur.